505 P.2d 64

The DIAMOND A CATTLE COMPANY, a New Mexico corporation, Plaintiff-Appellee,

v.

J. R. BROADBENT, Defendant-Appellant.

No. 9503.

Supreme Court of New Mexico.

Jan. 5, 1973.

Atwood, Malone, Mann & Cooter, Robert A. Johnson, Paul A. Cooter, Roswell, for appellant.

Jennings, Christy & Copple, Roswell, for appellee.

## OPINION

McMANUS, Chief Justice.

In February, 1968, a joint venture was formed between the parties for the purpose of buying and selling cattle. Under the terms of the venture, plaintiff, The Diamond A Cattle Company, would advance or arrange for all necessary funds and supervise the fiscal and accounting operations. All costs, expenses, profits, and losses of the venture were to be borne equally by plaintiff and defendant, J. R. Broadbent. From time to time, after February, 1968, plaintiff advanced all funds for the purchase of cattle, paid all costs and expenses incurred by the venture, and credited all payments received to the accounts of plaintiff and defendant equally.

None of the contracts entered into by the joint venture were negotiated or signed in New Mexico and none of the cattle were purchased, pastured or sold in New Mexico. Defendant is not a resident of this state and only entered it on November 24, 1969, to discuss the joint venture with employees of plaintiff. In addition, plaintiff itself, by merging with a New Mexico corporation, only became a resident of the state in December, 1968, well after all of the essential cattle transactions had been accomplished between the venture and a third party. Now, with plaintiff seeking contribution from defendant for losses incurred by the joint venture, we are presented with an appeal which asks the question: Do New Mexico courts have personal jurisdiction over this defendant pursuant to the provisions of § 21–3–16, N.M.S.A.1953, the state's "long arm" statute? Below, the District Court of Chaves County concluded that it had jurisdiction. We reverse.

The applicable portions of § 21–3–16, supra, are:

"A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

"(1) The transaction of any business within this state * * *."

Following are the trial court's findings of fact relating to acts performed in New Mexico by defendant which allegedly constitute the transaction of business:

"10. From time to time without protest or limitation, defendant made payments to plaintiff at its office in Roswell, New Mexico, on the amounts which [plaintiff] had advanced to the joint account and business venture on his behalf * * *.

"11. On November 24, 1969, defendant met with officers of plaintiff in Roswell, New Mexico, for the purpose of concluding the affairs of the business venture and settling his obligation to plaintiff. At the meeting in Roswell, New Mexico, certain agreements were made with respect to concluding pending litigation against a third party; and defendant agreed to settle his account with and pay the balance due plaintiff after the litigation had been concluded, the amounts received credited to the joint account, and the amount due plaintiff determined.

"12. The account between plaintiff and defendant was not stated on November 24, 1969."

In interpreting § 21–3–16, supra, this court has consistently followed the United States Supreme Court decision in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), which reads, in part:

"* * * due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

Thus, the transaction of business must amount to "minimum contacts" such that maintenance of the suit will not offend traditional notions of fair play and substantial justice.

It would be neither fair nor just to subject defendant to a judgment in personam on the basis that three payments were mailed into this state. Regarding the meeting in Roswell which was requested by plaintiff, the facts show that defendant left with exactly the same obligation he had entered: to settle his account when the amount of it was determined. As Finding No. 12 above reveals, the account was not stated as of the date of this meeting. The agreements which were made with respect to concluding pending litigation against a third party concerned only the agreement that defendant would settle his account after the litigation was concluded.

Therefore we hold that under the facts of this case there was barely any transaction of business, if any at all, and there were certainly not the requisite minimum contacts to satisfy due process requirements. The appeal having been decided on the basis of lack of jurisdiction, we do not consider appellant's three remaining points.

Reversed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.