691 P.2d 57

**CUSTOMWOOD MFG., INC., a New Mexico corporation, Plaintiff-Appellee,**

v.

**DOWNEY CONSTRUCTION CO., INC., Defendant-Appellant.**

No. 15490.

Supreme Court of New Mexico.

Nov. 20, 1984.

Richard B. Addis, Albuquerque, for plaintiff-appellee.

D. James Sorenson, Johnson & Lanphere, Albuquerque, for defendant-appellant.

## OPINION

FEDERICI, Chief Justice.

This case is before us through interlocutory appeal from the District Court of Ber-

nalillo County. Customwood Mfg., Inc., the plaintiff-appellee (plaintiff), a New Mexico corporation, filed a complaint for debt against Downey Construction Co., Inc., the defendant-appellant (defendant), a Nevada corporation. Process was served on defendant in Nevada. Defendant filed a motion to dismiss for lack of jurisdiction. The motion was denied by the trial court. Defendant then filed an application for an order allowing appeal. The trial court had not made findings of fact, but a review of the complaint and affidavits revealed that there was no dispute as to facts material to the jurisdictional issue, and this Court granted an interlocutory appeal. We reverse the trial court.

The issue on appeal is whether the defendant "transacted any business" within New Mexico, and is therefore subject to jurisdiction of New Mexico courts under the New Mexico long-arm statute, NMSA 1978, Section 38–1–16(A)(1). Defendant's contacts in New Mexico were insufficient to constitute a transaction of business within the State, under the meaning of the long-arm statute, and therefore insufficient to support assertion of jurisdiction over defendant by New Mexico courts.

Defendant, a construction company, was awarded a contract to build a large house in Las Vegas, Nevada. At the time defendant bid on the contract, it was told by the architect that he and the owner had already selected plaintiff to supply all of the doors for the house. Defendant and all of the other bidders were given an allowance for the doors to be included in the bid. Once defendant was awarded the bid it placed a purchase order with plaintiff for the doors, as it had been instructed to do. As work progressed, there were also telephone calls between plaintiff and defendant, some of them initiated by defendant, and defendant periodically mailed payments to plaintiff for doors received. It is not contended that defendant has ever done business in New Mexico nor had any other contact within New Mexico except as just described. No employee or agent of defendant ever traveled to New Mexico, and defendant never

solicited for business or supplies in New Mexico.

After the front doors were installed in the house they began to weather poorly. Plaintiff sent an employee to Nevada to inspect the doors, and eventually sent another employee to refinish them. This dispute arises out of expenses that plaintiff incurred in inspecting and repairing the doors. Plaintiff contends that defendant, by its contacts with plaintiff, and specifically its mailing of a purchase order to plaintiff, transacted business within New Mexico and therefore is subject to New Mexico jurisdiction under NMSA 1978, Section 38–1–16(A)(1).

■ Plaintiff correctly asserts that a single transaction of business within this State can be sufficient to subject a nonresident defendant to the jurisdiction of New Mexico courts, provided that the cause of action being sued upon arises from that particular transaction of business. NMSA 1978, § 38–1–16(A)(1); *Moore v. Graves,* 99 N.M. 129, 654 P.2d 582 (Ct.App.1982). In determining whether defendant's activity within the State amounts to a transaction of business, though, it is necessary to keep in mind the due process constraints upon exercise of jurisdiction that were announced in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158. "We have repeatedly equated the 'transaction of business'—insofar as the acquisition of long-arm jurisdiction under our statute is concerned—with the due process standard of 'minimum contacts' * * *." *Telephonic, Inc. v. Rosenblum,* 88 N.M. 532, 534, 543 P.2d 825, 827 (1975). A central factor in determining whether these "minimum contacts" were established is the degree to which defendant purposefully initiated its activity within the State. "[I]t

is essential in each case that there be some act by which the defendant *purposefully avails itself of the privilege of conducting activities within the forum State,* thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) (emphasis added).

It is this purposefulness on the part of the defendant, in establishing its contact with New Mexico, that is lacking in this case. Defendant did mail a purchase order to plaintiff in New Mexico, but only pursuant to an agreement which plaintiff had already worked out with other parties. In this respect we find this case to be very similar to *Artoe v. Mann,* 36 Ill.App.3d 204, 343 N.E.2d 647 (1976). In *Artoe* the plaintiff, an Illinois resident, initiated contacts with the defendant, a California resident. After negotiations the defendant eventually mailed a purchase order to the plaintiff in Illinois. The Illinois court concluded that the purchase order was really only a confirmation of an agreement already reached by the parties, not an initiation of an agreement by the defendant, and therefore declined to assert jurisdiction over the defendant under the "transacting business" provision of the Illinois long-arm statute. Because New Mexico's long-arm statute was adopted directly from that of Illinois, we regard Illinois cases on long-arm jurisdiction as persuasive authority. *Blount v. T D Publishing Corp.,* 77 N.M. 384, 423 P.2d 421 (1966). We also find *Artoe* to be well-reasoned.

Similarly, in the instant case, the purchase order mailed by defendant is more accurately characterized as a confirmation of a business deal already established, than as an initiation of a deal by defendant. Defendant stepped into a business arrangement which plaintiff and others had already established, and did not purposefully avail itself of the "privilege of conducting activities within" New Mexico, "thus invoking the benefits and protections" of New Mexico law. *Hanson v. Denckla,* 357 U.S. at 253, 78 S.Ct. at 1239. The fact that defendant made several telephone calls and

mailed payments to plaintiff in New Mexico does not alter this conclusion. *Diamond A Cattle Co. v. Broadbent,* 84 N.M. 469, 505 P.2d 64 (1973).

We reverse the trial court's denial of the motion to dismiss for lack of personal jurisdiction, and remand the cause for proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.