738 P.2d 1316

**VALLEY WIDE HEALTH SERVICES, INC., Petitioner,**

v.

**David GRAHAM, Personally and as Personal Representative of the Estate of Angel Renee Archuleta Graham, and Clarissa D. Archuleta, Respondents.**

**No. 17097.**

Supreme Court of New Mexico.

June 30, 1987.

Miller, Stratvert, Torgerson and Brandt, P.A., Alan C. Torgerson, Alice Tomlinson Lorenz, Albuquerque, for petitioner.

Lopez, Chavez and Graham, P.C., Anthony G. Lopez, Taos, Adele Graham, Santa Fe, for respondents.

## OPINION

WALTERS, Justice.

Plaintiff-respondent David Graham filed a wrongful death action in New Mexico district court against a Colorado health care clinic. The trial court granted the motion of defendant-petitioner Valley Wide Health Services, Inc. (Valley) to dismiss under SCRA 1986, 1–012(B)(1), determining it lacked personal jurisdiction over Valley because Valley did not have sufficient minimum contacts with New Mexico to satisfy constitutional due process.

The court of appeals reversed the trial court. We granted certiorari and, upon review of the petition, response thereto, and the court of appeals file, we reverse the court of appeals.

The only issue before us is whether Valley had sufficient minimum contacts with New Mexico to satisfy constitutional due process and thus to allow New Mexico to exercise personal jurisdiction under the long-arm statute, NMSA 1978, Section 38–1–16.

Valley is a non-profit Colorado corporation not licensed to do business in New Mexico. It operates five health care clinics in Southern Colorado, and has never operated a health clinic in New Mexico. Valley does not advertise in New Mexico, is not listed in any telephone book in New Mexico, and does not actively solicit patients from New Mexico. Medical services are provided to anyone who comes to the clinics, including New Mexico residents. Less than 1% of Valley's total patients have been New Mexico residents and, in 1983, only 1.38% of Valley's long distance telephone calls were made from the clinics to New Mexico numbers. On occasion the doctors at the clinics would give advice over the telephone.

Graham, a New Mexico resident, telephoned Valley's San Luis Health Center to make an appointment for his daughter who was running a high temperature. Later that day, Graham took his daughter to the Colorado clinic where she was examined by Dr. Ronald Gooder. Dr. Gooder determined she had a virus, and prescribed cold baths and alternate doses of aspirin and Tylenol. Two days later Graham telephoned Dr. Gooder at the clinic to advise that his daughter's temperature was still high, and that she had begun to vomit. Dr. Gooder, who was not immediately available, returned Graham's telephone call at Graham's New Mexico residence. It was the doctor's opinion that the virus was running its course and that Graham should continue the recommended treatment. The next day Graham's daughter died of peritonitis, secondary to pneumonia.

The court of appeals held that although Graham's daughter was taken to Colorado to be seen by the doctor, treatment was originally prescribed in Colorado and as a result of the doctor-patient relationship which was established in Colorado, Dr. Gooder was compelled to make the telephone call to Graham at his New Mexico residence; and that single act of returning Graham's telephone call to New Mexico was sufficient for personal jurisdiction.

In order to invest the courts of this State with personal jurisdiction over a non-resident defendant, the act plaintiff complains of must meet a three-part test: (1) defendant must do one of the acts enumer-

ated in our long-arm statute, NMSA 1978, Section 38-1-16(A); (2) plaintiff's cause of action must arise from that act, Section 38-1-16(C); and (3) defendant must have minimum contacts with New Mexico sufficient to satisfy constitutional due process. *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 717 P.2d 596 (Ct.App.1986).

To subject a non-resident defendant to personal jurisdiction, he must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). We have equated "transaction of any business" or "commission of a tortious act within this state" as enumerated in our long-arm statute, with sufficient minimum contacts to satisfy due process. *Customwood Mfg., Inc. v. Downey Const. Co.*, 102 N.M. 56, 691 P.2d 57 (1984).

We recognize that in some cases a single act performed within New Mexico can be a sufficient minimum contact to subject a defendant to personal jurisdiction in this state; however, as we noted in *Customwood*, "[a] central factor in determining whether these 'minimum contacts' were established is the degree to which defendant *purposefully initiated* its activity within the state." 102 N.M. at 57, 691 P.2d at 58 (emphasis added). To sustain personal jurisdiction over a non-resident, defendant, "[i]t is *essential* in each case that there be some act by which the defendant *purposefully avails itself of the privilege of conducting activities within the forum State*, thus invoking the benefits and protections of its law." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 12 L.Ed.2d 1283 (1958) (emphasis added).

 Dr. Gooder did not "purposefully initiate" activity in the state, "thus invoking the benefits and protections" of New Mexico laws. *Id.* He did return Graham's telephone call to a telephone number in New Mexico, but only after a doctor-patient relationship had been established in Colora-

do, and after Graham had left a message and request with the doctor's answering service. This single telephone call lacks the purposefulness of defendant's contact which is demanded by due process. *See Custom Mfg., Inc. v. Downey Const. Co.*

We reverse the court of appeals and affirm the trial court's dismissal of the complaint.

SCARBOROUGH, C.J., SOSA, Senior Justice, and STOWERS and RANSOM, JJ., concur.