742 P.2d 1049

**Jimmy SALAS, d/b/a Zuni Woodyard and Landscape Company, Plaintiff-Appellant,**

**v.**

**HOMESTAKE ENTERPRISES, INC., a Colorado corporation, Defendant-Appellee.**

**No. 16987.**

Supreme Court of New Mexico.

Sept. 16, 1987.

Rehearing Denied Oct. 7, 1987.

John R. Polk, Albuquerque, for plaintiff-appellant.

Randal W. Roberts, Albuquerque, for defendant-appellee.

**OPINION**

SCARBOROUGH, Chief Justice.

Jimmy Salas (plaintiff) filed an action in district court alleging that Homestake En-

terprises, Inc. (defendant) breached a contract. Defendant moved to dismiss for lack of jurisdiction. The district court granted defendant's motion. Plaintiff appeals. We affirm.

Kevin Moore (an agent of defendant) telephoned plaintiff from Colorado to inform him that defendant had some railroad ties for sale. Moore requested that plaintiff come to Colorado to look at the ties and enter into negotiations. Plaintiff went to Colorado, inspected the ties, and alleges that he entered into a contract with defendant. Plaintiff then went back to New Mexico and started to fulfill what he considered to be his contractual obligations. Defendant soon afterwards sent two documents to plaintiff. Defendant subsequently telephoned plaintiff to inform him that no contract existed, and that no railroad ties were available for sale. This lawsuit ensued.

The only issue before us is whether defendant's acts warrant the assertion of personal jurisdiction over defendant by New Mexico.

■ To vest New Mexico courts with personal jurisdiction over an out-of-state, non-resident defendant, the act complained of must meet a three-prong test: (1) the act must be enumerated in the long-arm statute, NMSA 1978, Section 38-1-16(A) (Repl. Pamp.1987); (2) plaintiff's cause of action must arise from the act, NMSA 1978, Section 38-1-16(C) (Repl.Pamp.1987); and (3) the act(s) of defendant must establish the minimum contacts necessary to satisfy due process. *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 717 P.2d 596 (Ct.App.), *cert. quashed*, 104 N.M. 137, 717 P.2d 590 (1986).

■ Plaintiff claims that defendant "transacted business" in New Mexico and thus performed an act enumerated in the long-arm statute. *See* NMSA 1978, Section 38-1-16(A)(1). Defendant's telephone call, however, was merely an invitation to come to Colorado and negotiate, it was not a business transaction. Neither did sending two documents to plaintiff constitute a business transaction. Since defendant did not transact business in New Mexico, the requirement of the long-arm statute is not satisfied. Therefore, New Mexico courts lack personal jurisdiction over defendant.

■ Plaintiff argues that defendant's acts created sufficient minimum contacts with New Mexico to warrant the assertion of personal jurisdiction over defendant. In making this argument, plaintiff relies on the fact that the "transacted business" requirement of the long-arm statute has been construed to reach as far as due process allows. *See Customwood Mfg., Inc., v. Downey Constr. Co.*, 102 N.M. 56, 691 P.2d 57 (1984). Due process considerations, however, likewise preclude New Mexico from asserting jurisdiction over defendant. The fundamental inquiry in minimum contacts/due process analysis is whether a particular state's assertion of jurisdiction comports with "'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)); *cf. Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) ("Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in the light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"). It would offend this Court's conception of fair play and substantial justice to subject defendant to suit in New Mexico where defendant's only contact with New Mexico was mailing two documents and making a telephone call into the state, and where these contacts arose in the context of an essentially Colorado transaction.

New Mexico courts lack personal jurisdiction over defendant, therefore, the judgment of the district court is affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.