**G & R GOURMET FOODS, INC., Appellant,**

v.

**The NATURAL CHOICE, INC., d/b/a Blue Corn Connection, Appellee.**

No. 01–90–00851–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 9, 1991.

Before SAM BASS, HUGHES and DUNN, JJ.

## OPINION

DUNN, Justice.

The appellee, The Natural Choice, Inc., d/b/a Blue Corn Connection, sought to enforce a default judgment rendered in New Mexico against the appellant, G & R Gourmet Foods, Inc. The appellant appeals the order of the trial court denying its motion to quash or vacate judgment and execution, to stay judgment and execution, to set aside judgment and execution, for new trial, and to take judicial notice of the law of the sister state (hereinafter referred to as "the appellant's motion"). The trial court found that the appellant had notice of the New Mexico proceeding but chose not to challenge the New Mexico court's jurisdiction; the trial court also found that the appellant's jurisdictional claims should have been brought before the New Mexico court.

The appellee received a default judgment in a New Mexico court. The judgment, in the amount of $2,748.98, was for bills the appellant had failed to pay. The appellee sought to enforce the judgment in Texas by filing a petition for enforcement of a foreign judgment.

The appellant sought to avoid enforcement of the judgment by challenging the New Mexico court's jurisdiction over the appellant. The appellant claimed that it had never done business in New Mexico, and any transaction between the appellant and the appellee actually took place in Texas.

In support of its motion, the appellant presented the affidavit of its president, Galina Zorina. Zorina stated that in 1988, Manny Reichek, a food broker, solicited orders from her for the appellee's products. She claimed that all orders were placed with Reichek in Houston, Harris County, Texas; no orders were placed directly with the appellee. In addition, Zorina claimed that all products were delivered to the appellant's offices in Houston, and that the

Scott Red, Houston, for appellant.

William C. Boyd, Houston, for appellee.

appellant never maintained any offices or had any agents in New Mexico. Zorina stated that the appellant never sent any agents to New Mexico to transact business. The only contact the appellant had with New Mexico was six checks and one letter it sent to the appellee in New Mexico.

The appellant also submitted Reichek's affidavit. He confirmed that he solicited orders from the appellant on behalf of the appellee. He claimed that all negotiations took place in Houston, and that the appellant placed all orders with him in Houston. He stated that he would then send the orders to the appellee in New Mexico.

If a foreign judgment is filed with the clerk of a court of competent jurisdiction in this state, it is entitled to the same effect as a Texas judgment. TEX.CIV.PRAC. & REM. CODE ANN. § 35.003 (Vernon 1986). However, the foreign judgment is also subject to the same procedures, defenses, and proceedings for reopening, vacating, and staying as a judgment of a Texas court. TEX. CIV.PRAC. & REM.CODE ANN. § 35.003(c) (Vernon 1986).

In its first point of error, the appellant contends the trial court erred in denying the appellant's motion. Specifically, in its first subpoint under its first point of error, the appellant contends that the trial court erred in denying its motion because the New Mexico court lacked jurisdiction over the appellant.

■ A defendant may challenge the jurisdiction of the court rendering the foreign judgment by asserting the court's exercise of jurisdiction did not meet the requirements of that state's long-arm statute and due process of law. *Minuteman Press Int'l, Inc. v. Sparks*, 782 S.W.2d 339, 340 (Tex.App.—Fort Worth 1989, no writ); *Hill Country Spring Water v. Krug*, 773 S.W.2d 637, 639 (Tex.App.—San Antonio 1989, writ denied); *Moody v. First Nat'l Bank*, 530 S.W.2d 879, 882 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Unless extrinsic evidence or the record establishes that the foreign court did not have jurisdiction, a Texas court will presume it did. *Abramowitz v. Miller*, 649 S.W.2d 339, 341 (Tex.App.—Tyler 1983, no

writ); *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 839 (Tex.Civ.App.— Amarillo 1979, writ ref'd n.r.e.); *Moody*, 530 S.W.2d at 881. The presumption must be overcome by clear and convincing evidence that the foreign court lacked jurisdiction. *Escalona v. Combs*, 712 S.W.2d 822, 824 (Tex.App.—Houston [1st Dist.] 1986, no writ).

■ Under the New Mexico long-arm statute, a New Mexico court has jurisdiction over a non-resident corporation if the corporation transacts any business within the state. N.M.STAT.ANN. § 38–1–16 (1978). New Mexico courts have equated "transaction of any business" required by the long-arm statute with sufficient minimum contacts required by due process. *Valley Wide Health Servs., Inc. v. Graham*, 106 N.M. 71, 72, 738 P.2d 1316, 1318 (1987); *Diamond A Cattle Co. v. Broadbent*, 84 N.M. 469, 471, 505 P.2d 64, 66 (1973).

■ The uncontroverted evidence indicated that the appellant did not transact business in New Mexico. The appellant negotiated with Reichek in Houston to buy the appellee's products; the appellant placed orders for the appellee's products with Reichek in Houston; and the appellant received the appellee's products in Houston. The appellant did not go to New Mexico to pick up the appellee's products, nor did it send any agents to New Mexico. *Compare McIntosh v. Navaro Seed Co.*, 81 N.M. 302, 303–304, 466 P.2d 868, 869–70 (1970) (appellant, who initiated purchase of product in New Mexico, negotiated deal in New Mexico, and came to New Mexico to pick up product, transacted business in the state). The only contact the appellant had with New Mexico was sending six checks and one letter to the appellee in New Mexico. *See Salas v. Homestake Enters., Inc.*, 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987) (defendant is not subject to suit in New Mexico where his only contact with New Mexico was mailing two documents and making a telephone call into the state); *Diamond A*, 84 N.M. at 471, 505 P.2d at 66 (defendant is not subject to judgment in personam on basis of three payments mailed into the state); *cf. Tarango v. Pas-*

*trana,* 94 N.M. 727, 728, 616 P.2d 440, 441 (N.M.Ct.App.1980) (defendants were not subject to in personam jurisdiction on basis of statements for payments for services rendered in Texas mailed to plaintiffs in New Mexico).

The appellant's contacts with New Mexico were not substantial enough to bring it within New Mexico's long-arm statute. *See Wesley v. H & D Wireless Ltd. Partnership,* 678 F.Supp. 1540, 1542 (D.N.M.1987) (under New Mexico law, defendants were not subject to jurisdiction of New Mexico courts when defendants merely responded, by mail and by telephone, to plaintiffs' solicitations of business in another state and subsequently purchased a product from plaintiffs); *Customwood Mfg., Inc. v. Downey Construction Co.,* 102 N.M. 56, 57, 691 P.2d 57, 58 (1984) (defendant's contacts with New Mexico were insufficient to constitute transaction of business within the state when he placed an order with the plaintiff, as had previously been arranged by the plaintiff and a third party, made telephone calls to the plaintiff in New Mexico, and periodically mailed payments to New Mexico). Therefore, the New Mexico court lacked personal jurisdiction over the appellant. Since the appellant produced uncontroverted, extrinsic evidence that the New Mexico court lacked personal jurisdiction over the appellant, the trial court erred in denying the appellant's motion.

On the basis of the appellant's first subpoint, we sustain the appellant's first point of error.

Due to the disposition of the appellant's first point of error, we do not address its second point of error.

We reverse the order of the trial court and remand the cause to the trial court.