**Cleo H. RUSSEY, Plaintiff,**

v.

**Jon P. RANKIN, et al., Defendants.**

**Civ. Nos. 92–766 JC/RWM,
92–776 JC/RWM.**

United States District Court,
D. New Mexico.

March 5, 1993.

Richard J. Rubin, Santa Fe, NM, for plaintiff.

Louis J. Vener, Albuquerque, NM, for defendant TCA, Inc.

Jon P. Rankin, pro se.

## MEMORANDUM OPINION

CONWAY, District Judge.

THIS MATTER comes on for consideration of the Motion to Dismiss or for Change of Venue, filed August 13, 1992 by defendant TCA Collections, Inc. ("TCA"). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well-taken and will be denied.

Plaintiff alleges that demand letters sent by defendants violate the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violate the New Mexico Unfair Practices Act, N.M.S.A. § 57–12–1 *et seq.*, and constitute unreasonable debt collection practices under New Mexico common law. Defendant TCA asserts that this action must be dismissed for lack of personal jurisdiction or alternatively, that the action must be transferred to the Northern District of California in which defendants reside.

Defendant TCA, Inc. is a foreign corporation in the business of collecting consumer debts. The demand letters allegedly sent by the California defendants to the plaintiff in Albuquerque constitute the sole basis for imposing liability in this action. Because it is a non-resident corporation without a place of business within New Mexico, TCA maintains that the New Mexico long-arm statute [1] and the due process clause prohibit this Court from exercising jurisdiction over the case.

 Whether the alleged wrongful conduct is characterized as tortious or as the transaction of business, the parameters of the New Mexico long-arm statute permit this court to accept jurisdiction over the non-resident. As to the "transaction of business" prong of the statute, the New Mexico Supreme Court has indicated that

a single transaction of business within the State can be sufficient to subject a non-resident defendant to the jurisdiction of New Mexico courts, provided that the cause of action being sued upon arises from that particular transaction of business.

1. New Mexico's long-arm statute, N.M.S.A. § 38–1–16 (Repl.Pamp.1987), provides in part:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state ...

(3) the commission of a tortious act within this state....

C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section....

*Customwood Mfg., Inc. v. Downey Constr. Co., Inc.,* 102 N.M. 56, 57, 691 P.2d 57 (1984). Even if the alleged violation of the FDCPA is characterized as a "tort", an analysis under traditional tort principles supports the exercise of jurisdiction over the claims. Some courts have concluded that the FDCPA cause of action "arises" where the consumer receives the violative dunning letter. *See Lachman v. Bank of Louisiana,* 510 F.Supp. 753 (N.D.Ohio 1981); *see also Bailey v. Clegg, Brush & Assoc., Inc.,* 1991 W.L. 143461 (N.D.Ga.1991).

■ Yet to be consistent with due process, the non-resident must have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). At first blush, caselaw cited by TCA suggests that mail or telephone contacts alone are insufficient to support personal jurisdiction. *See Valley Wide Health Services, Inc. v. Graham,* 106 N.M. 71, 738 P.2d 1316 (1987); *Salas v. Homestake Enterprises, Inc.,* 106 N.M. 344, 742 P.2d 1049 (1987); *Telephonic, Inc. v. Rosenblum,* 88 N.M. 532, 543 P.2d 825 (1975); *Diamond A Cattle Co. v. Broadbent,* 84 N.M. 469, 505 P.2d 64 (1973). However,

> [t]he communications involved in the above-cited cases were merely means of conducting some other primary business. The facts at bar are clearly distinguishable in that defendant's communications in the forum state constitute the heart of defendant's business and are the precise subject matter of this action pursuant to the FDCPA.

*Bailey v. Clegg, Brush & Assoc., Inc.,* 1991 WL 143461 (N.D.Ga.1991). Defendants are alleged to have initiated their collection efforts by knowingly sending a demand letter to a New Mexico resident and thereby "purposefully invok[ed] the benefits and protections of the law of the forum." *See Burger*

*King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *see also Customwood Mfg., Inc.,* 102 N.M. at 58, 691 P.2d 57 ("confirmation of a business deal already established [rather than] an initiation of a deal by defendant" lacks requisite purposefulness). Because TCA's written correspondence is the nucleus of the alleged wrongful conduct rather than just an ancillary contact with the forum, it was reasonable to have anticipated being hailed into New Mexico court on claims based upon the letter. *Id.; see also Rambo v. American Southern Insurance Co.,* 839 F.2d 1415, 1418–19 (10th Cir.1988).

■ Moreover, venue is proper if a "substantial part of the events . . . giving rise to the claim" occurred in the judicial district. *See* 28 U.S.C. § 1391(b)(2) [as amended in 1990]. A consumer's "receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act." *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 868 (2d Cir. 1992). Because Mr. Russey received the dunning letter in New Mexico, a change of venue is not warranted. The Court further agrees with plaintiff that to change venue as a matter of discretion would frustrate the Congressional goal that the FDCPA be "primarily enforced" through the efforts of the aggrieved consumer. *Id.*

In summary, under the facts as alleged in the Complaint, this Court may properly exercise jurisdiction over a foreign debt collection agency which sent one or more collection letters to a New Mexico resident when the cause of action is based upon that contact.

An Order in accordance with this opinion shall be entered.