**Frank P. PARADISE, Plaintiff,**

v.

**ROBINSON AND HOOVER, an Oklahoma partnership; Richard A. Robinson, an individual; and Timothy E. Rhodes, an individual, Defendants.**

**No. CV–S–94–899–PMP (RLH).**

United States District Court,
D. Nevada.

May 4, 1995.

---

Frank P. Paradise, Las Vegas, NV, pro se.

Cory J. Hilton, Perry & Spann, Las Vegas, NV, for Robinson and Hoover; and Richard Robinson.

Timothy E. Rhodes, Oklahoma City, OK, pro se.

## ORDER

PRO, District Judge.

Before the Court are two Motions to Dismiss. Defendants Robinson and Hoover and Richard A. Robinson ("the Robinson Defendants") filed their Motion to Dismiss (# 3) and Supplement (# 9) thereto on March 1 and March 22, 1995, respectively. Plaintiff filed his Opposition (# 8) to this Motion on March 21, 1995. The Robinson Defendants did not file a Reply.

Also before the Court is a Motion to Dismiss (# 4) filed by Defendant Timothy E. Rhodes on March 6, 1995. Plaintiff did not file a Response in opposition to this Motion.

### I. Standard of Review

In considering the Robinson Defendants' Motion to Dismiss, the factual allegations of Plaintiff's Complaint must be presumed to be true, and this Court must draw all reasonable inferences in favor of Plaintiff. *Usher v. Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). The issue is not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Consequently, the Court may not grant a Motion to Dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court does not, however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in Plaintiff's Complaint. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

Additionally, the Court notes that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987)

(quoting *Boag v. MacDougall,* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982)). As Plaintiff appears before this Court *pro se,* the Court grants him the leniency a *pro se* litigant deserves.

## II. Discussion

### A. *Rhodes's Motion to Dismiss (# 4).*

■ On March 6, 1995, Defendant Rhodes filed his Motion to Dismiss (# 4) seeking dismissal of all Plaintiff's claims against him. On April 27, 1995, the Clerk of Court referred the above-referenced Motion to the undersigned for consideration.

A review of the Court's file shows that to date Plaintiff has failed to file a Response in opposition to Defendant Rhodes's Motion. Therefore, pursuant to the provisions of Local Rule 140–6 of the Rules of Practice of the United States District Court for the District of Nevada, Plaintiff consents to the granting of Rhodes's Motion.[1]

### B. *The Robinson Defendants' Motion to Dismiss (# 3).*

The Robinson Defendants argue that dismissal of Plaintiff's Complaint against them is warranted because: 1) this Court lacks personal jurisdiction over them in this matter; 2) the District of Nevada is an improper venue for this action; and 3) the limitations period of the Fair Debt Collection Practices Act ("FDCPA") bars Counts Four and Five of Plaintiff's Complaint.

At the outset, the Court can easily dispose of the Robinson Defendants' third argument that Counts Four and Five are time-barred by the FDCPA's one-year limitations provision, 15 U.S.C. § 1692k(d). The Robinson Defendants argue that these Counts are time-barred because they set forth violations which occurred in August and September 1993, and Plaintiff did not file his Complaint until October 24, 1994. The Robinson Defen-

dants' argument, however, is premised upon a misreading of Plaintiff's Complaint. Counts Four and Five seek damages for FDCPA violations that are alleged to have occurred in or about August and September *1994,* not 1993 as the Robinson Defendants suggest. This argument, therefore, is without merit.

The Court now turns to the Robinson Defendants' argument that this Court lacks personal jurisdiction over them. Plaintiff is formerly a resident of Oklahoma presently residing in Nevada. Defendant Richard Robinson is a general partner in the Defendant law firm of Robinson and Hoover which is located in Oklahoma. This FDCPA action arises out of the Robinson Defendants' representation in an action to collect upon a debt on behalf of a third party. For the most part, it appears that Plaintiff's claims are predicated upon allegations of collection activities that occurred in Oklahoma. Count Five, however, is based upon a communication from the Robinson Defendants that occurred in or about September 1994.[2] The Robinson Defendants acknowledge that they purposely sent a letter to Plaintiff, dated September 27, 1994, to Plaintiff's residence in Nevada. The letter was addressed to and received by Plaintiff at the following address: 29 N. 28th St., # 26B, Las Vegas, NV 89101.

The letter sent to Plaintiff stated in part: "Please deliver the difference within ten days or we will pursue collection of the Judgment." The letter also contained a notation at the bottom which read as follows:

### *NOTICE TO DEBTOR*

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

■ Because this is a diversity action any assertion of personal jurisdiction must

---

1. Local Rule 140–6 states in relevant part: "The failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."

2. The Robinson Defendants argue that none of the letters which Plaintiff may have received

from or sent to the Defendants after Plaintiff moved to Nevada form the basis of any of the acts alleged in the Complaint as FDCPA violations. This argument, however, also appears to be based upon a misreading of the dates contained in Plaintiff's Complaint.

satisfy Nevada state law as well as afford constitutional due process. *Corporate Inv. Business Brokers v. Melcher,* 824 F.2d 786, 787 (9th Cir.1987). As Nevada's long-arm personal jurisdiction statute is construed to extend to the outer reaches of constitutional due process, *Trump v. Eighth Judicial District Court,* 109 Nev. 687, 857 P.2d 740, 747 (1993), the two requirements may be collapsed into one. *Data Disc, Inc. v. Systems Technology Assocs., Inc.,* 557 F.2d 1280, 1284 (9th Cir.1977). The Court looks to federal law to determine if the exercise of jurisdiction over the Robinson Defendants offends notions of due process.[3]

■ Personal jurisdiction over nonresident defendants may be predicated on "continuous and systematic" contacts with the forum state, subjecting the defendant to a court's "general" jurisdiction, see *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), or on the fact that the cause of action arose out of a defendant's forum related activities, subjecting him to a court's "limited" or "specific" jurisdiction. *Roth v. Garcia Marquez,* 942 F.2d 617, 620 (9th Cir.1991); *Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1194–95 (9th Cir.1988). Plaintiff does not contend that general jurisdiction lies over the Robinson Defendants; thus, the inquiry turns to whether the Robinson Defendants' conduct should subject them to this Court's specific jurisdiction.

■ A district court can assert limited jurisdiction over a nonresident defendant if the following three conditions are satisfied: (1) the nonresident defendant performs some act purposefully availing himself of the privilege of conducting activities in the forum; (2) the claim arises out of the defendant's forum related activities; and (3) the exercise of jurisdiction is reasonable. *Sinatra,* 854 F.2d at 1194 (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 839 (9th Cir.1986)).[4] Each of these tests must be satisfied. *Peterson v. Kennedy,* 771 F.2d

1244, 1261 (9th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986). At this early stage of the proceedings, however, Plaintiff need only to make a prima facie showing of personal jurisdiction, and, as no evidentiary hearing on this issue has been held, this Court treats Plaintiff's allegations as true. *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990).

■ The Robinson Defendants focus their arguments solely on the second prong of the test for limited jurisdiction and do not even address whether they purposefully availed themselves of the privilege of conducting activities in this forum or whether the exercise of jurisdiction is reasonable. Rather, they argue that none of Plaintiff's claims arise out of the Robinson Defendants' forum related activities. Again, however, this argument misreads Plaintiff's Complaint because it is based solely on the contention that Plaintiff has alleged no violation of the FDCPA which resulted from any communication, letter, or activity directed toward Nevada. This, as previously explained, is simply incorrect because Count Five alleges an FDCPA violation based upon the September 27, 1994 letter.

■ Further, it is well-settled that a single contact with the forum state, not involving the physical presence of the defendant, can be a sufficient basis upon which to establish jurisdiction over the defendant. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). This is not a case where the communication involved is merely a means of conducting some other primary business within the forum. Here, the Robinson Defendants' "communications in the forum state ... are the precise subject matter of this action pursuant to the FDCPA." *Russey v. Rankin,* 837 F.Supp. 1103, 1105 (D.N.M.1993) (quoting *Bailey v. Clegg, Brush & Assoc., Inc.,* 1991 WL 143461 (N.D.Ga.1991)). Thus, under the allegations contained in Count Five of Plaintiff's complaint, the Court finds that the Rob-

---

**3.** "Federal law is controlling on the issue of due process under the Constitution," although state law is considered persuasive authority. *Data Disc, Inc., supra,* at 1286–87 n. 3.

**4.** This three-part test satisfies the Due Process Clause's requirement that the defendant have "minimum contacts" with the forum state. *Sinatra,* 854 F.2d at 1194.

inson Defendants purposefully availed themselves of the privilege of conducting activities in this forum, that Count Five arises out of the Robinson Defendant's forum related activities, and that the exercise of jurisdiction is reasonable. *See Sluys v. Hand,* 831 F.Supp. 321, 324 (S.D.N.Y.1993) (finding personal jurisdiction over nonresident defendant in an FDCPA action where defendant sent demand letter into forum); *Russey,* 837 F.Supp. at 1105 (same).

 Moreover, the Court need not spend much time addressing the Robinson Defendants' venue arguments as they are based upon the same misreading of Plaintiff's Complaint as previously mentioned. Suffice it to say that venue is proper if a "substantial part of the events ... giving rise to the claim" occurred in the judicial district. *See* 28 U.S.C. § 1391(b)(2). Because "receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act," *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 868 (2d Cir.1992), the district where a communication is received is a proper venue under subdivision (2) of section 1391(b). *Id.* at 866–867. *See also Russey,* 837 F.Supp. at 1105 (venue proper in New Mexico where defendant's letter which formed the basis of the plaintiff's claim was purposefully sent to and received in New Mexico); *Murphy v. Allen County Claims and Adjustments, Inc.,* 550 F.Supp. 128 (S.D.Ohio 1982) (venue proper in both Northern and Southern Districts of Ohio where letters on which claim was based were sent from Northern District and received in Southern District).

Accordingly, the Court finds that it may properly exercise personal jurisdiction over the Robinson Defendants because Count Five of Plaintiff's Complaint alleges an FDCPA cause of action based upon the fact that Robinson Defendants' sent a collection letter to Plaintiff as a Nevada resident. The Court further finds that venue is proper in the District of Nevada.

IT IS THEREFORE ORDERED THAT the Robinson Defendants' Motion to Dismiss (# 3) is Denied.

IT IS FURTHER ORDERED THAT Defendant Rhodes's Motion to Dismiss (# 4) is Granted.