Antoinette **MALOON**, Plaintiff,

v.

**SCHWARTZ, ZWEBAN & SLINGBAUM, L.L.P.,** Defendant.

No. CIV. 05–00426HGKSC.

United States District Court, D. Hawai'i.

Nov. 7, 2005.

---

John Harris Paer, Honolulu, HI, for Plaintiff.

Edward J. Bybee, Law Offices of Edward J. Bybee, Honolulu, HI, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

GILLMOR, District Judge.

The issue before the Court is whether, under the facts of this case, there is personal jurisdiction over the Defendant debt collector, and venue is proper, in the forum where the Plaintiff received Defendant's debt collection letter in alleged violation of the Fair Debt Collection Practices Act ("FDCPA").

### PROCEDURAL HISTORY

On June 8, 2005, Plaintiff filed her Complaint.

On August 18, 2005, Defendant filed its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue. ("Defendant's Motion").

On October 13, 2005, Plaintiff filed her Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue. ("Plaintiff's Opposition").

On October 19, 2005, Defendant filed its Reply Brief in Support of Motion to Dismiss, or in the Alternative, Motion to Transfer Venue. ("Defendant's Reply").

On October 31, 2005, the matter came on for hearing.

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue is **DENIED**.

### BACKGROUND

Plaintiff alleges that on June 15, 2005, Defendant sent her a debt collection letter in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Compl. at ¶ 6. Plaintiff is a resident of Hawaii. Compl. at ¶ 3. Defendant has its principal place of business in Florida. See Defendant's Reply, Affidavit of Gregory E. Schwartz ("Schwartz Aff.") at ¶ 3. On June 15, 2005, Defendant sent the debt collection letter from its office in Florida to the Plaintiff in Hawaii. Compl. at Exhibit A; Schwartz Aff. at ¶ 4. Defendant does not have any other contacts with Hawaii. See Schwartz Aff. at ¶¶ 3, 6.

### ANALYSIS

#### A. Personal Jurisdiction

■■ Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. See Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." Id.; Caruth v. International Psychoanalytical Ass'n, 59 F.3d 126, 127–28 (9th Cir.1995) ("we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction").

■■ Although the plaintiff cannot "simply rest on the bare allegations of its complaint," Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.2004) (quoting Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir.1977)), uncontroverted allegations in the complaint must be taken as true. Id. (citing AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996)). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. Id.; see Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir.2000) ("Because the prima facie jurisdictional analysis requires us to accept the plain-

tiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal.").

Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See* Fed.R.Civ.P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). Because Hawaii's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *See Cowan v. First Ins. Co.,* 61 Haw. 644, 608 P.2d 394 (1980).

Questions of personal jurisdiction must be decided on a case-by-case basis. *See Pacific Atlantic Trading Co., Inc. v. M/V Main Exp.,* 758 F.2d 1325, 1327–28 (9th Cir.1985). Defendant must have sufficient minimum contacts with Hawaii such that the exercise of jurisdiction by this forum does not violate traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Due process is satisfied if there is either "general" or "specific" jurisdiction over the Defendant. *See Sher,* 911 F.2d at 1361.

### 1. *General Jurisdiction*

"General" jurisdiction requires "substantial" or "continuous and systematic" contacts with the forum. *See Sher,* 911 F.2d at 1361; *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Plaintiff does not argue that the Court has general jurisdiction over Defendant and based on the facts before it, the Court finds that it does not.

### 2. *Specific Jurisdiction*

In analyzing specific jurisdiction, the court should look at the nature and quality of the defendant's contacts. *See*

*Peterson v. Kennedy,* 771 F.2d 1244, 1261 (9th Cir.1985). The Ninth Circuit Court of Appeals has adopted a three-prong test for analyzing "specific" jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger,* 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* (citing *Sher,* 911 F.2d at 1361). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

#### a. *Defendant Has Purposefully Availed Itself of the Forum*

To be subject to specific jurisdiction, a defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. 2174 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). "Purposeful availment" requires that the defendant "have performed some type of affirmative con-

duct which allows or promotes the transaction of business within the forum state." *Sher*, 911 F.2d at 1362 (quoting *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988)).

"The requirement of 'purposeful availment' is based on the presumption that it is reasonable to require a defendant who conducts business and benefits from his activities in a state to be subject to the burden of litigating in that state as well." *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1259 (9th Cir.1989).

■ In *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the Supreme Court adopted a three-part "effects test" for the purposeful availment prong. The defendant must have:

(1) committed an intentional act;

(2) which was expressly aimed at the forum state; and

(3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state.

*Calder*, 465 U.S. at 789, 104 S.Ct. 1482.

This test is satisfied if "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc.*, 223 F.3d at 1087.

The Defendant has purposefully availed itself of this forum by sending a debt collection letter, allegedly in violation of the FDCPA, to Plaintiff in Hawaii. Plaintiff has satisfied the first prong of the test.

### b. Plaintiff's Claim Arises Out of Defendant's Forum Activity

Defendant's activity in the forum was sending the Plaintiff the debt collection letter. Plaintiff's claim arises out of the debt collection letter. Plaintiff has satisfied the second prong of the test.

### c. Exercise of Jurisdiction Over Defendant is Reasonable

An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of the specific jurisdiction test are satisfied. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995).

■ If the two requirements are satisfied, then the defendant has the burden of proof and must " 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " *Ballard*, 65 F.3d at 1500 (quoting *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174).

■ In examining the reasonableness of jurisdiction over Defendant in the forum, the Court considers such factors as:

(1) the extent of defendant's purposeful interjection into the forum state;

(2) the burden on the defendant in defending in the forum;

(3) the importance of the forum to the plaintiff's interest in convenient and effective relief;

(4) the most efficient forum for judicial resolution of the dispute;

(5) the forum state's interest in adjudicating the dispute;

(6) the extent of the conflict with the sovereignty of the defendant's state; and

(7) the existence of an alternative forum.

*See Sher*, 911 F.2d at 1364; *Bancroft & Masters, Inc.*, 223 F.3d at 1088.

As discussed below, Defendant has not presented a compelling reason why jurisdiction should not attach.

**3. Defendant's Debt Collection Letter, Allegedly in Violation of the FDCPA, Sent to Plaintiff in Hawaii, Is Sufficient to Establish Personal Jurisdiction Over Defendant**

Defendant's contact with Hawaii was the debt collection letter that is the subject of Plaintiff's lawsuit. Only a few courts have considered whether there is personal jurisdiction over a defendant in the forum in which a plaintiff received a debt collection letter that allegedly violated the FDCPA. There are no Ninth Circuit Court of Appeals cases directly on point.

The Ninth Circuit Court of Appeals has, however, found personal jurisdiction in other analogous contexts. In *Bancroft & Masters, Inc.*, 223 F.3d at 1084–85, a case involving a trademark dispute, the court considered whether the defendant was subject to personal jurisdiction in a California court because it sent a cease and desist letter to plaintiff in California requesting that plaintiff cease use of the masters.com domain name. In response to the letter, Plaintiff filed suit in the Northern District of California seeking a judgment declaring non-infringement. *Id.* at 1085. After considering the three-prong test, the court found that it had specific jurisdiction over the defendant because "defendant [was] alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state" (*id.* at 1087) and defendant did not show that the exercise of personal jurisdiction over it would be unreasonable. *Id.* at 1089.

Here, Plaintiff has alleged that the Defendant knew Plaintiff was a resident of Hawaii and that the Defendant engaged in wrongful conduct targeting her in Hawaii. Defendant has not shown that the exercise of jurisdiction over it is unreasonable given the facts present. Hawaii and Florida are not geographically close, but modern-day means of communication and the relative ease of air travel make requiring Defendant to defend in this forum appropriate. Such a requirement does not violate traditional notions of fair play and substantial justice. Also, although the underlying agreement to which Defendant seeks to collect the debt contained a Florida forum selection provision, that agreement does not govern Plaintiff's entirely separate cause of action under the FDCPA. Under the FDCPA, a collection agency can only file suit where the contract was executed or where the plaintiff resides. *See* 15 U.S.C. § 1692i(a)(2).

Another district court in the Ninth Circuit has found personal jurisdiction under similar facts. *See Paradise v. Robinson and Hoover*, 883 F.Supp. 521 (D.Nev.1995) (in FDCPA case, court found personal jurisdiction based on plaintiff's allegation of a single debt collection letter being sent to the forum state); *see also Russey v. Rankin*, 837 F.Supp. 1103, 1105 (D.N.M.1993) (court had personal jurisdiction over defendant because defendant knowingly sent one or more demand letters to plaintiff in New Mexico); *Brink v. First Credit Resources*, 57 F.Supp.2d 848, 860–61 (D.Ariz. 1999) (court found that defendant purposefully availed itself of the forum, and that exercise of personal jurisdiction was reasonable, based on letters sent to plaintiffs in the forum in alleged violation of the FDCPA).

For the same reasons discussed in the venue section below, the purpose of the FDCPA is also served by finding personal jurisdiction under the facts of this case.

Under the particular facts of this case, the Court finds that there is personal jurisdiction over Defendant in Hawaii.

**B. *Venue***

Under 28 U.S.C. § 1391(b) venue is proper in the district in which all the de-

fendants reside or the district in which the claim arose. Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000) (citations and quotations omitted).

Under Section 1692i of the FDCPA, venue is proper in Hawaii because Plaintiff resides here. *See* 15 U.S.C. § 1692i; *Sluys v. Hand*, 831 F.Supp. 321, 327 (S.D.N.Y.1993) ("A threat to sue a consumer for a debt in a distant location where the consumer did not reside or engage in the transaction would be contrary to 15 U.S.C. § 1692i").

Also, the majority of FDCPA cases have held that the plaintiff's claim arises in the district in which the plaintiff received the offending communication or debt collection letter. *See Bates v. C & S Adjusters, Inc.*, 980 F.2d 865 (2nd Cir.1992) (venue in FDCPA case was proper where debtor resided and where debt collector's demand for payment was forwarded); *Paradise*, 883 F.Supp. 521 (venue proper where plaintiff received debt collection letter); *Russey*, 837 F.Supp. at 1105 (consumer's receipt of collection notice was substantial part of events giving rise to claim under FDCPA); *Lachman v. Bank of Louisiana in New Orleans*, 510 F.Supp. 753, 760 (N.D.Ohio 1981) (venue in FDCPA case was proper where plaintiff received debt collection letter because that is where the injury occurred).

■ The court's reasoning in *Sluys v. Hand*, 831 F.Supp. 321, is persuasive: "Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the Act, suits may be brought where the debtor ... receive[s] the communica-

tions. Otherwise, one could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned." *Id.* at 324; *see also Russey*, 837 F.Supp. at 1105 (exercise of its discretion to transfer venue "would frustrate the Congressional goal that the FDCPA be primarily enforced through the efforts of the aggrieved consumer") (citations and quotations omitted); *Vlasak v. Rapid Collection Systems, Inc.*, 962 F.Supp. 1096, 1102–03 (N.D.Ill.1997) (same).

For these reasons, venue is proper in this Court.

### CONCLUSION

The Court has personal jurisdiction over Defendant and venue is proper in this Court.

In accordance with the foregoing, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue, filed August 18, 2005, is **DENIED**.

IT IS SO ORDERED.