654 P.2d 582

James MOORE and Beverly Moore, his wife, aka T–Shirt Express, Plaintiffs-Appellees,

v.

James E. GRAVES, Defendant-Appellant.

No. 5839.

Court of Appeals of New Mexico.

Nov. 4, 1982.

Wayne A. Jordon, Durrett, Jordon & Grisham, P.C., Alamogordo, for defendant-appellant.

Jefferson R. Rhodes, Burroughs & Rhodes, Alamogordo, for plaintiffs-appellees.

OPINION

SUTIN, Judge.

This is an interlocutory appeal. The issue is whether the trial court lacked in personam jurisdiction over defendant, a resident of Texas. Defendant moved to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1), (2) of the Rules of Civil Procedure. An order was entered that denied defendant's motion to dismiss and defendant appeals. We affirm.

We assume that at a hearing on defendant's motion, the parties agreed upon the facts. No record was made. The court adopted the requested findings of both parties and plaintiffs' conclusions of law.

The trial court found that defendant advertised video equipment for sale in a trade magazine. Plaintiffs read the advertisement in New Mexico and contacted defendant by telephone in Texas. During the discussion of the sale of the video equipment, defendant advised plaintiffs that defendant had sold T-shirts at a rodeo in Red River, New Mexico, unrelated to plaintiffs, and that defendant was retiring from business. Plaintiffs and defendant entered into an installment purchase agreement calling for payments over a 36-month period. To secure payments, defendant reserved a security interest in the video equipment, by way of a standard UCC–1 form, a financing statement, reflecting that the debtors' address was in New Mexico. It was prepared by defendant and signed by plaintiff James Moore in Texas. Thus far, defendant has not perfected his security interest against third parties by filing the financing statement in New Mexico. Plaintiffs took possession of most of the equipment in Texas. Some of the equipment was mailed by defendant in Texas to plaintiffs in New Mexico.

The trial court concluded that it had personal jurisdiction over defendant because the activities of defendant and the security interest reserved constituted the transaction of business in New Mexico.

A non-resident submits himself to New Mexico jurisdiction "as to any cause of ac-

tion arising from: (1) the transaction of any business within the state." Section 38–1–16(A)(1), N.M.S.A.1978.

The issue is whether, as a matter of law, defendant had sufficient contact with New Mexico to become subject to the jurisdiction of our courts under the long-arm statute.

This issue has been discussed in a number of New Mexico cases: *United Nuclear Corp. v. General Atomic Co.,* 90 N.M. 97, 560 P.2d 161 (1976); *Telephonic, Inc. v. Rosenblum,* 88 N.M. 532, 543 P.2d 825 (1975); *Diamond A Cattle Company v. Broadbent,* 84 N.M. 469, 505 P.2d 64 (1973); *Winward v. Holly Creek Mills, Inc.,* 83 N.M. 469, 493 P.2d 954 (1972); *McIntosh v. Navaro Seed Company,* 81 N.M. 302, 466 P.2d 868 (1970); *Blount v. TD Publishing Corporation,* 77 N.M. 384, 423 P.2d 421 (1966); *Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co.,* 77 N.M. 92, 419 P.2d 465 (1966); *Melfi v. Goodman,* 69 N.M. 488, 368 P.2d 582 (1962), and *Tarango v. Pastrana,* 94 N.M. 727, 616 P.2d 440 (Ct.App.1980).

In 1976, Professor Walden said that "New Mexico's decisions under its long-arm statute have in the past extended the scope of state court jurisdiction to a remarkable degree." Walden, *Civil Procedure in New Mexico in 1975,* 6 N.M.L.Rev. 367, 368 (1976).

The following rules were stated in the above cases with reference to state court jurisdiction over a non-resident:

(1) There is no definite formula. The test must be decided case by case.

(2) A non-resident defendant must have certain minimum contacts with New Mexico such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

(3) A non-resident defendant by some act must have availed himself of the privilege of conducting activities in New Mexico to invoke the benefits and protection of its laws. This activity is not required to be directly related to plaintiffs' cause of action as long as there are sufficient contacts.

(4) A single transaction negotiated or to be performed within New Mexico can be sufficient contact. When one affirmative act has occurred wherein defendant "reached out" to New Mexico, the benefits and protections of local laws are conclusively presumed.

(5) The long-arm statute submits a non-resident to jurisdiction regardless of its intent to use the courts.

(6) Place of execution of the contract is not controlling, essential or even highly significant in making a determination.

(7) Restatement (Second) of Conflicts of Laws § 35, comment (a) at 142 (1971) defined "Doing business":

Doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts.

(8) A non-resident may agree in advance to submit to the jurisdiction of the courts. It must be sufficiently definite or so unequivocal as to constitute an effective waiver of due process.

Thus far, the following contacts have been held to constitute the transaction of business in New Mexico:

(1) Negotiations in New Mexico that result in a contract.

(2) Placing magazines in national channels of commerce and sold in New Mexico, the contacts of which caused injury.

(3) Soliciting business in New Mexico, advertising its products through customer discounts, making delivery to purchasers.

(4) Having an agent in New Mexico who transacts business.

(5) A contract to produce minerals in New Mexico and deliver from New Mexico.

(6) Engage in business in New Mexico with other producers of minerals.

(7) Seek to obtain a security-interest in a resident's mine.

(8) Seek a veto power over the right of a resident to make further sales from its New Mexico mine.

(9) A dedication of ore reserves from a resident's mine that inures to its own benefit.

(10) Attempt to monopolize and restrain trade in New Mexico.

The following contacts have been held not to constitute "the transaction of business in New Mexico":

(1) Defendant's casual presence in New Mexico in which the transaction was wholly fortuitous.

(2) Three payments on a contract mailed to New Mexico.

(3) Contacts initiated via telephone and mail by a New Mexico resident which results in a New Mexico contract when executed in New Mexico by a resident.

(4) When the resident relies on his own activities within the State.

Inasmuch as no formula exists, each court sets forth the non-resident defendant's contacts with the forum state. Based upon the quality or nature of the activity, the court concludes whether it is fair and just to require defendant to conduct his defense in this forum. This is essential in all cases. *Yery v. Yery,* 629 P.2d 357 (Okl.1981). This indeterminate conclusion either extends the scope of state court jurisdiction or restricts it. Differences of opinion arise.

We should extend the scope of state court jurisdiction because the vague concept of "fair play and substantial justice" is predicated upon the existence of "minimum contacts." To explain the meaning of "minimum requirements," *Board of Education of City of Rockford v. Page,* 33 Ill.2d 372, 211 N.E.2d 361 (1965) adopted the dictionary definition of "minimum." It said:

> The word "minimum" is commonly defined as "the least quantity assignable, admissible, or possible in a given case— opposed to *maximum*". [Emphasis by court.] [Id. 363.]

This definition is properly applied to "minimum contacts." It extends the scope of state court jurisdiction in the forum because it looks to the least quantity of contacts possible in a given case to uphold the maintenance of the action in the state forum. New Mexico is interested in providing this forum. When such contacts are established, the burden shifts to the non-resident defendant to present facts that will convince the forum court that it would "offend traditional notions of fair play and substantial justice."

As found by the trial court, defendant's "minimum contacts" were:

(1) Defendant solicited business in New Mexico by advertising in a trade magazine with reference to the sale of his video equipment. " ' * * * [I]t seems fair to say that one who solicits in a state may be sued there if the transaction he has sought goes sour.' " *Mouzavires v. Baxter,* 434 A.2d 988, 994 (D.C.App.1981). Personal jurisdiction over a non-resident does not depend upon the physical presence of the defendant within the state. A non-resident who initiates a business transaction by telephone establishes a "minimum contact." *Mouzavires, supra; Colony Press, Inc. v. Fleeman,* 17 Ill.App.3d 14, 308 N.E.2d 78 (1974); *Cook Associates, Inc. v. Colonial Broach & Mach. Co.,* 14 Ill.App.3d 965, 304 N.E.2d 27 (1973). Equally so, when a non-resident defendant solicits business for his benefit by advertising in a trade magazine in the forum state as a result of which he sells his merchandise to be used in the forum state. See, *Blount,* supra, wherein it was held that the publisher "reached out" to the forum state. We see no difference between soliciting business by way of advertising in a trade magazine or by way of telephone. Defendant availed himself of the privilege of conducting business here. Plaintiff did not "lure" defendant into this State.

(2) Defendant procured two written documents from plaintiff: (1) a purchase agreement and (2) a standard UCC–1 form, a financing statement to secure defendant under the installment purchase agreement with reference to defendant's property in New Mexico. The purchase agreement reserved the right in defendant to "repossess all equipment described above if full payment is not made immediately" after default in payment. Repossession would take place in New Mexico courts.

(3) Defendant mailed some of plaintiffs' equipment to plaintiffs in New Mexico.

(4) Defendant sold T-shirts in Red River, New Mexico.

These findings are sufficient to bring defendant's relationship with New Mexico within the meaning of "minimum contacts." Defendant did not point to any facts, among others, such as exhorbitant expenses to defend in New Mexico, the inability to bring witnesses to the forum state, an ability to travel the distance or appear in court. As a result, New Mexico is the more convenient forum that does not "offend traditional notions of fair play and substantial justice." Defendant is subject to the jurisdiction of New Mexico courts under the long-arm statute.

Graves shall pay the costs of this appeal.

Affirmed.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.