Chester R. **VICKERY** and Edward Miller, Plaintiffs-Appellants,

v.

**AMARILLO FREIGHTLINER SALES, INC., a Texas corporation,** Defendant-Appellee.

No. 82CA1232.

Colorado Court of Appeals, Div. II.

Dec. 27, 1984.

Calkins, Kramer, Grimshaw & Harring, Richard L. Shearer, Mark A. Nadeau, Denver, for plaintiffs-appellants.

Holland & Hart, Timothy M. Rastello, Gregory A. Eurich, Denver, for defendant-appellee.

SMITH, Judge.

Plaintiffs brought this tort action against two non-resident corporations and one non-resident individual alleging fraud, misrepresentation, and negligence, surrounding the execution of a sales contract, and an extended warranty agreement, and also intentional interference with contractual rights. Service of process was accomplished pursuant to the provisions of the "Long-Arm Statute," § 13–1–124, C.R.S. Defendant Amarillo Freightliner Sales, Inc., (Amarillo) filed a motion to dismiss alleging that the Colorado courts lacked

jurisdiction. After considering the stipulated facts, the trial court granted Amarillo's motion to dismiss plaintiffs' complaint against it on the basis: (1) that this was not one of the types of action to which the Long-Arm Statute was applicable because the tort did not occur in Colorado, and (2) that there were insufficient contacts between Amarillo and the State of Colorado to justify the Colorado courts in exercising jurisdiction. The trial court also entered a C.R.C.P. 54(b) order. This appeal ensued. We affirm the judgment of dismissal.

■ The test for determining whether the courts of a state may assert and exercise jurisdiction over a non-resident of that state is a two-pronged one. First, it must be determined whether the exercise of extra-territorial jurisdiction is authorized by statute, and, if so, it then must be determined whether such exercise is consistent with the constitutional requirements of due process. *Yarbrough v. Elmer Bunker & Associates,* 669 F.2d 614 (10th Cir.1982). Both elements of the test must be satisfied before the courts of the forum state may exercise jurisdiction over the non-resident defendant. We conclude that here neither test was met.

In September 1981, Amarillo sold to Vickery a used diesel truck. The engine of that truck later malfunctioned in Grand Junction, Colorado, giving rise to a dispute over the warranty coverage which had been purchased by the plaintiffs. This unresolved dispute resulted in the plaintiffs bringing this lawsuit in the district court in Montrose, Colorado. Amarillo was served with process in Texas.

The facts, stipulated to by the parties, disclosed that Amarillo is a corporation formed under the laws of Texas. All of Amarillo's employees work out of Amarillo's one and only office located in Amarillo, Texas. Amarillo does not have any sales representatives, employees, offices, bank accounts, or telephone listings in the State of Colorado. Amarillo maintains no agent for service of process within the State of Colorado. Amarillo is not registered or qualified to do business within the State of

Colorado, does not own or rent any real property within the state, and has not paid any taxes to the state. No employee or agent of Amarillo has entered the State of Colorado for purposes of conducting any business for Amarillo prior to the defense of this lawsuit.

It was further stipulated that plaintiffs, Colorado residents, responded to an advertisement for the sale of a truck that Amarillo had placed in a regional magazine which was distributed in Colorado. The plaintiffs contacted Amarillo by telephone, from Colorado, and thereafter traveled to Amarillo's office in Texas for the purpose of purchasing the truck. The contract was negotiated and executed in Texas and delivery was made there as well. The stipulated facts further indicate that Amarillo knew that the plaintiffs intended to take the truck in question to Colorado. Amarillo admits that six trucks, representing 1.8 percent of Amarillo's sales for the preceding 20-month period, were sold to Colorado residents. The parties further agreed that Amarillo placed one telephone call relative to this transaction from Texas to a bank in Montrose, Colorado, either to obtain information as to transfer of title documents or financing.

■ Here, the alleged tort relates not to the condition of the truck but rather to the circumstances surrounding the creation of the contract and its terms. The operative fact which is material to the tort is not the fact that there was a breakdown but rather was the defendant's refusal to pay the cost of repairing the truck. Thus, no significance attaches to the place where the breakdown occurred. We therefore find no merit in plaintiffs' argument that the tort was committed here because the truck broke down in Colorado. Thus, plaintiffs' argument that § 13–1–124(1)(b), C.R.S., vests jurisdiction in the Colorado courts must, as the trial court held, fail.

■ We likewise agree with the trial court's conclusion that the facts here do not disclose sufficient contacts by defendants with the State of Colorado to justify the courts of this state in assuming jurisdiction over the non-resident defendants. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Safari Outfitters Inc. v. Superior Court,* 167 Colo. 456, 488 P.2d 783 (1968).

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.