Juan P. **MARTINEZ** and Maria Martinez,
Plaintiffs–Appellants,

v.

**FARMINGTON MOTORS, INC.,** d/b/a
Car Land, Defendant–Appellee.

No. 95CA1962.

Colorado Court of Appeals,
Div. I.

Dec. 12, 1996.

Colorado Rural Legal Services, Inc., Michael R. Mortland, Durango, for Plaintiffs–Appellants.

Crane, Leake, Casey & Ehlers, P.C., James A. Casey, Durango, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiffs, Juan P. and Maria Martinez, appeal from the judgment of the trial court dismissing their complaint for lack of personal jurisdiction over defendant, Farmington Motors, Inc., d/b/a Car Land. We reverse and remand with directions to reinstate plaintiffs' complaint.

Plaintiffs, who are residents of La Plata County, Colorado, purchased a used car from defendant in October 1994. Defendant is a New Mexico corporation and operates a used car dealership in Farmington, New Mexico, a city approximately 48 miles south-southwest of Durango, Colorado.

Shortly after they purchased their car, plaintiffs discovered numerous problems and sought to return it and recover the purchase price. Defendant declined and plaintiffs brought this action in the district court asserting various claims for relief, including breach of contract and fraud. Defendant moved to dismiss for lack of personal jurisdiction pursuant to C.R.C.P 12(b)(5).

In response to defendant's motion, plaintiffs submitted evidence demonstrating that defendant advertised on a regular basis in several publications which circulated, some almost exclusively, in southwest Colorado. These advertisements included: (1) nine advertisements placed over a ten-month period from January to October 1994 in the Durango Herald, a Colorado newspaper with primary daily circulation in La Plata County; (2) four yellow pages advertisements in two competing phone books covering, and with circulation largely limited to, southwest Colorado from 1992 to 1995; (3) four advertise-ments in September and October 1994 in a weekly publication specializing in "want ads" and circulated free of charge in the Four–Corners area; and (4) copies of two advertisements taken out in local newspapers January and April 1995.

In addition, plaintiffs submitted an affidavit from Maria Martinez in which she had stated that: (1) she had picked up a copy of one of the weekly "want ads" in which defendant had advertised in Colorado; (2) she was interested in purchasing one of the vehicles pictured in defendant's advertisement and went to defendant's dealership to look at it; and (3) the salesman showed her another vehicle which she and her father purchased the next day.

Plaintiffs also submitted a summary of vehicle registrations in La Plata County for a period of eight months from September 1994 to May 1995, which showed that at least 27 vehicles purchased from, and financed through, defendant had been initially titled and registered in La Plata County.

Section 13–1–124(1)(a), C.R.S. (1996 Cum.Supp.) of the Colorado "long-arm" statute provides that the courts of this state may assert personal jurisdiction over a nonresident defendant when the defendant has engaged in, and the cause of action arises from, the "transaction of any business within this state. . . ." Physical presence is not required to be "doing business" in the state. *Waterval v. District Court,* 620 P.2d 5 (Colo.1980), *cert. denied,* 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981).

In enacting the long-arm statute, the General Assembly intended to extend the jurisdiction of Colorado courts to the fullest extent permitted by the due process clauses of the United States and Colorado Constitutions. *Scheuer v. District Court,* 684 P.2d 249 (Colo.1984). Thus, jurisdiction is proper if the defendant has "certain minimum contacts" with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945); *Le Manufacture Francaise Des*

*Pneumatiques Michelin v. District Court,* 620 P.2d 1040, 1044 (Colo.1980).

To withstand a motion to dismiss, the plaintiff must make a *prima facie* showing of personal jurisdiction over the defendant. *Texair Flyers, Inc. v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973). In determining whether the plaintiff has met this burden, the allegations of the complaint, as well as any evidence introduced by the parties, may be considered. *Scheuer v. District Court, supra.* All factual disputes must be resolved in the plaintiff's favor. *Leidy's Inc. v. H2O Engineering, Inc.,* 811 P.2d 38 (Colo.1991).

The evidence presented by plaintiffs demonstrates that defendant had made substantial and continuing efforts to market its vehicles to residents living in southwestern Colorado. The evidence further shows that plaintiffs purchased the subject vehicle as a direct result of those efforts. Under these circumstances, we conclude that plaintiffs had made a *prima facie* showing that defendant's actions fell within § 13–1–124(1)(a).

We hold that because its promotional efforts were directed towards Colorado residents through local media advertising in Colorado, defendant purposefully availed itself of the privilege of conducting business in this state and, as a consequence, should reasonably have anticipated being subject to the jurisdiction of the Colorado courts. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490, (1980); *Van Schaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425 (1975).

We recognize that, generally, advertisements in national or regional publications distributed in Colorado will not *per se* subject a person to the jurisdiction of Colorado courts. *Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (1968); *Vickery v. Amarillo Freightliner Sales, Inc.,* 695 P.2d 306 (Colo.App.1984). However, when a person regularly advertises in publications that have their principal circulation in one state, it becomes permissible to infer that the advertiser seeks to engage in business with the residents of that state. *Moore v. Graves,* 99 N.M. 129, 654 P.2d 582 (1982) (trade magazine); *accord State v. Advance Marketing Consultants, Inc.,* 66 Wis.2d 706, 225 N.W.2d 887 (1975); *Bowen v. Bateman,* 76 Wash.2d 567, 458 P.2d 269 (1969); *contra Harold Howard Farms v. Hoffman,* 585 N.E.2d 18 (Ind.Dist.Ct.App.1992).

Under the circumstances of this case, subjecting defendant to the jurisdiction of Colorado's courts would not offend traditional notions of fair play and substantial justice. *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court, supra.* Hence, we conclude that the exercise of personal jurisdiction under § 13–1–124(1)(a) is appropriate. Accordingly, the trial court erred in dismissing plaintiffs' complaint.

The judgment is reversed and the cause is remanded to the trial court with directions to reinstate plaintiffs' complaint.

METZGER and HUME, JJ.,concur.