**SUNWEST SILVER, INC., a New Mexico corporation, Plaintiff,**

v.

**INTERNATIONAL CONNECTION, INC., a foreign corporation, Defendant.**

No. 97–0838 PK/WWD.

United States District Court,
D. New Mexico.

Feb. 10, 1998.

Dennis F. Armino, Albuquerque, NM, for Plaintiff.

Henry Bohnoff, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, NM, Steven M. Rosenthal, Jonathan E. Moskin, Pennie & Edmonds, New York, NY, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL KELLY, Jr., Circuit Judge, Sitting by Designation.

THIS MATTER comes on for consideration of Defendant International Connection Inc.'s Motion to Dismiss and for Summary Judgment filed November 21, 1997 (doc. 9). In pertinent part, Defendant seeks dismissal of this action based upon lack of personal jurisdiction. Pursuant to this court's order dated December 22, 1997 (doc. 23), the parties were granted thirty days to complete discovery confined to the issue of personal jurisdiction. The time allowed for discovery has expired, and no additional evidence has been presented to the court. This matter is thus ripe for consideration, and the court, being fully advised in the premises, finds that the motion to dismiss is well taken on that ground, and should be granted.

### Background

The court has reviewed the complaint and the affidavits submitted by both parties, and the facts relating to the jurisdictional issue are not materially in dispute. Sunwest Silver, Inc. (Sunwest) is a New Mexico corporation which designs, manufactures, and sells jewelry. Sunwest alleges International Connection, Inc. (ICI), a New York corporation with its principal place of business in New York, manufactured and distributed illegal copies of nine of Sunwest's original jewelry designs in several states, including New Mexico.

In January 1996, ICI placed one advertisement containing three of the nine disputed designs in *Accent* magazine, a New York trade publication. Although the parties dispute *Accent* magazine's breadth of distribution in New Mexico, and no evidence has been submitted regarding the magazine's circulation in New Mexico, it is undisputed that Sunwest subscribes to *Accent* magazine.

Sunwest's president Ernest Montoya saw the *Accent* magazine advertisement containing the three disputed designs and ordered several pieces of jewelry from ICI by telephone, which were then delivered to Sunwest Silver's New Mexico store. With the exception of Sunwest's order, which accounted for less than .005 percent of ICI's annual sales, ICI has never sold any of the allegedly copied designs to purchasers in New Mexico. ICI has no contacts with the state of New Mexico; it maintains no bank accounts, telephone listings, offices, agents or representatives in New Mexico, and does not own or lease any real or personal property in New Mexico.

### Discussion

■ The submission of affidavits in connection with a motion to dismiss for lack of personal jurisdiction does not convert the motion into one for summary judgment; thus, the court examines this jurisdictional issue pursuant to the standards applicable to a 12(b)(2) motion. *See Attwell v. LaSalle Nat'l Bank,* 607 F.2d 1157, 1161 (5th Cir. 1979), *cert. denied,* 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980). To survive a motion to dismiss for lack of personal jurisdiction made pursuant to Fed.R.Civ.P. 12(b)(2), a plaintiff need only make a prima facie showing that the court may exercise personal jurisdiction over the defendant. *See Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1075 (10th Cir.1995); *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). In considering whether a plaintiff has met this burden, the court may not weigh the factual evidence before it. *See Ten Mile Indus. Park v. Western Plains Service Corp.,* 810 F.2d 1518, 1524 (10th Cir.1987). Instead, the court applies the law to the well pleaded facts as set forth in the complaint and affidavits and determines whether the plaintiff's jurisdictional allegations are sufficient. *See id.* Accordingly, the plaintiff's jurisdictional allegations, as supported by affidavit, must establish that the defendant's contacts with the state would support the exercise of jurisdiction. *See id.* All factual disputes raised

by the parties' affidavits are resolved in favor of the plaintiff; if the plaintiff's prima facie showing is sufficient, the motion is denied notwithstanding the defendant's assertions. *See id.*

■ Where federal statutes governing the claims in a federal question case do not specifically provide for national service of process, the court applies the law of the forum state—here, New Mexico—to determine whether it has personal jurisdiction over a nonresident defendant. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104–05, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Janmark, Inc. v. Reidy*, 132 F.3d 1200 (7th Cir.1997); *PDK Labs, Inc., v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). Under New Mexico's long-arm statute,[1] a plaintiff must show that the defendant committed one of the acts enumerated in the statute, that the cause of action arises from that act, and that the defendant's contacts with the state of New Mexico are sufficient to satisfy the due process requirements of the federal Constitution. *See Rogers v. 5–Star Management*, 946 F.Supp. 907, 910 (D.N.M.1996). This court need not determine whether Sunwest has established the first two elements of this analysis, because Sunwest cannot establish as a matter of federal constitutional law that ICI's contacts with the state of New Mexico support the exercise of personal jurisdiction.

■ A forum state may constitutionally assert personal jurisdiction over a non-resident defendant only where the defendant has purposefully established minimum contacts with the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Defendant's minimum contacts with the forum state are sufficient to support the exercise of personal jurisdiction if "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (internal quotations and citations omitted). To satisfy this standard, at a minimum the court must determine that the defendant, through its conduct and connections with the forum state, " 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.' " *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1130–31 (10th Cir.1987) (alteration in original) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)); *see also Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 455–56 (10th Cir.1996).

■ Sunwest essentially asserts that ICI's placement of an advertisement in a nationally distributed trade magazine and Sunwest's order and ICI's delivery of jewelry to Sunwest's New Mexico store constitute sufficient contact with the forum to support the exercise of jurisdiction over ICI. Neither of these acts, however, indicates that ICI has purposefully availed itself of the benefits and protections of New Mexico law. ICI's act of shipping the jewelry to New Mexico is attributable to Sunwest's initiation of the transaction by contacting ICI and ordering the jewelry, not to any "affirmative conduct by the

---

1. New Mexico's long-arm statute provides, in pertinent part:

   A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

   (1) the transaction of business within this state;

   (3) the commission of a tortious act within this state;

   C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.
   N.M. Stat. Ann. § 38–1–16 (Michie 1987).

defendant which promotes the transaction of business within the forum state." *Martin v. First Interstate Bank,* 914 F.Supp. 473, 477 (D.N.M.1995); *see also Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1420 (10th Cir.1988). Courts have held repeatedly that a defendant's responses to the unilateral acts of a plaintiff are not contacts with the forum state sufficient to establish personal jurisdiction. *See, e.g., Hanson,* 357 U.S. at 254, 78 S.Ct. 1228; *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523, 1534 (10th Cir.1996); *Towne,* 46 F.3d at 1075; *Rambo,* 839 F.2d at 1420–21. Otherwise, plaintiffs would be granted "the power to manufacture personal jurisdiction in a forum that presents hardship and inconvenience to defendants." *DeSantis v. Hafner Creations, Inc.,* 949 F.Supp. 419, 424 (E.D.Va.1996).

Similarly, the Tenth Circuit has held twice that the mere placement of an advertisement in a nationally distributed newspaper or magazine "does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser." *Federated Rural Elec. Ins. Co. v. Kootenai Elec. Coop.,* 17 F.3d 1302, 1305 (10th Cir.1994); *see also Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1131 (10th Cir.1991). Sunwest's reliance on *Moore v. Graves,* 99 N.M. 129, 654 P.2d 582 (Ct.App.1982), to support a contrary conclusion is unavailing. There, in addition to the defendant's advertising in a trade magazine in the forum, numerous other contacts with the state indicated the defendant had purposefully availed himself of the protection of New Mexico law. *See id.* at 585–86 (noting defendant had procured purchase and security agreement from plaintiff which provided that repossession of the subject property would take place in New Mexico courts). Here, although given the opportunity, Sunwest has proffered no additional allegations upon which personal jurisdiction may rest. Thus, Sunwest has not established a prima facie case which would support this court's exercise of personal jurisdiction over ICI, and dismissal of the action is proper.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant International Connection Inc.'s Motion to Dismiss and for Summary Judgment filed November 21, 1997 (doc. 9), is GRANTED due to lack of personal jurisdiction over ICI. The action shall be dismissed without prejudice. Defendant's Motion to Dismiss under Rule 19 filed December 29, 1997 (doc. 27) is deemed moot.

## ORDER

THIS MATTER comes on for consideration of Plaintiff Sunwest Silver's Motion to Alter or Amend Judgment filed February 18, 1998 (doc. 35). Therein, Plaintiff asks this court to vacate its order filed February 10, 1998 (doc. 33) granting Defendant International Connection Inc.'s Motion to Dismiss on grounds of lack of personal jurisdiction. The court, being fully advised, finds that the motion is not well taken and should be denied.

On December 22, 1997, in response to Plaintiff's Objection to Magistrate's Order of Stay filed December 12, 1997 (doc. 22), this court granted Plaintiff relief and ordered that the parties would be provided thirty days from the date of entry of the order "to *complete* discovery confined to the issue of personal jurisdiction." Order filed December 22, 1997 at 2 (doc. 23) (emphasis added). Thereafter, discovery would be stayed pending a ruling on Defendant's Fed.R.Civ.P. 12(b)(6) motion. *See id.* Pursuant to that order, Plaintiff served Defendant with interrogatories and requests for production of documents on December 26, 1997, and the Defendant answered those requests on January 28, 1998. *See* Plaintiff's Brief in Support of Motion to Alter or Amend filed February 18, 1998 at 2 (doc. 36). Finding Defendant's answers wanting, Plaintiff at some point apparently arranged a telephone conference with the magistrate judge and Defendant in an attempt to expedite resolution of the dispute. *See id.* However, at no time did the Plaintiff move the court for an order extending the discovery deadline or deferring decision of the motion. The court was unaware of the nature of the discovery dispute until the magistrate entered an order providing an expedited briefing schedule for Plaintiff's Motion to Compel one day after the court entered its order dismissing this suit for lack of personal jurisdiction. *See* Order filed

February 11, 1998 (doc. 34). Plaintiff now asks this court to vacate its order of February 10, allow resolution of the discovery dispute, and reconsider its February 10 order in light of the information Plaintiff may receive from the Defendant through such discovery.

Plaintiff asks the court to vacate its February 10 order because "summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery," particularly where no discovery is conducted before the motion is decided. *See* Plaintiff's Brief in Support of Motion to Alter or Amend Judgment filed February 18, 1998 at 4 (doc. 36). That order, however, specifically held that Defendant's motion to dismiss was not converted into a motion for summary judgment, and did not address Defendant's summary judgment arguments. *See* Order filed February 10, 1998 at 3 (doc. 33); *Attwell v. LaSalle Nat'l Bank,* 607 F.2d 1157, 1161 (5th Cir.1979), *cert. denied,* 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980). Since the court did not rule on the merits of Plaintiff's claims but simply addressed Defendant's personal jurisdiction argument, the court was entitled to exercise its discretion in establishing the procedure by which the motion to dismiss would be resolved. *See Ten Mile Indus. Park v. Western Plains Serv. Corp.,* 810 F.2d 1518, 1524 (10th Cir.1987).

This court's December 22, 1997 order clearly and unequivocally provided that the parties were "to *complete* discovery confined to the issue of personal jurisdiction" within thirty days from the date of entry of the order. *See* Order filed December 22, 1997 at 2 (doc. 23). This court's order dismissed Plaintiff's action without prejudice on February 10, well after the termination date for discovery had expired. *See* Order filed February 10, 1998 (doc. 33). Plaintiff concedes that it could have obtained discovery within thirty days. *See* Plaintiff's Reply to Defendant's Opposition to Motion to Alter or Amend Order of Dismissal filed March 9, 1998 at 3 (doc. 41). Not having complied with the express thirty day discovery period, it was incumbent upon the Plaintiff to seek an extension of time prior to the court's ruling on the motion to dismiss. The court cannot take action on that which is not before

it. Here, the personal jurisdiction issue had been briefed, an extension of time to complete discovery had been granted, and no additional submissions had been received from the Plaintiff over two weeks after discovery should have been completed. Under such circumstances, the court decided the motion and declines to revisit it.

Plaintiff contends that the blame should be placed squarely on Defendant's evasiveness. *See id.* at 4. Without passing on the adequacy of Defendant's discovery response, the burden was on Plaintiff to make any appropriate motions advising the court of a need for an extension of time, let alone a deferred ruling.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Alter or Amend Judgment filed February 18, 1998 (doc. 35) is DENIED. Plaintiff's Motion to Compel filed February 23, 1998 (doc. 38) is deemed moot.