**JAMES AVERY CRAFTSMAN, INC., Plaintiff,**

v.

**Ronna LUGOSCH and Lugosch Designs d/b/a Natural Expressions, Defendants.**

**No. SA–06–CA–1064–OG.**

United States District Court, W.D. Texas, San Antonio Division.

March 19, 2007.

Jack Daniel Harkins, Matthew M. Jennings, Cox Smith Matthews Incorporated, San Antonio, TX, for Plaintiff.

William Bradford Nash, Jackson Walker L.L.P., San Antonio, TX, for Defendants.

## ORDER GRANTING MOTION TO DISMISS

ORLANDO L. GARCIA, District Judge.

Before the Court is defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction. (Docket no. 4.) Plaintiff James Avery Craftsman, Inc. filed its complaint seeking a declaration of non-infringement of defendants' jewelry designs. Ronna Lugosch is a resident of Maine and operates her retail jewelry gallery in Round Pond, Maine. Her business, Lugosch Designs, is a Maine corporation

with its principal place of business there. Plaintiff seeks to establish jurisdiction over defendants through principles of general jurisdiction.

■ When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994); *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985). When the district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case of jurisdiction. *Wilson,* 20 F.3d at 648. Uncontroverted allegations in the plaintiff's complaint will be taken as true, and conflicts between the facts contained in the parties' affidavits will be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists. *Id.*

■ In a federal diversity suit, a nonresident defendant is subject to personal jurisdiction to the extent permitted by the laws of the forum state and constitutional due process. *Command–Aire Corp. v. Ontario Mechanical Sales & Serv. Inc.,* 963 F.2d 90, 93 (5th Cir.1992). The Texas Long Arm statute reaches as far as is constitutionally permissible, therefore, the personal jurisdiction question is simply a constitutional due process inquiry. *Id.; see also Hall v. Helicopteros Nacionales De Colombia, S.A.,* 638 S.W.2d 870, 872 (Tex.1982), *rev'd on other grounds,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The due process inquiry is governed by federal law and requires the satisfaction of two elements: (1) the nonresident must have some minimum contact with the forum which results from an affirmative act on his part, and (2) it must be

fair and reasonable to require the nonresident to defend the suit in the forum state. *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545 (5th Cir.1985).

When the cause of action does not arise from or relate to the foreign corporation's purposeful conduct within the forum state, due process requires that there be continuous and systematic contacts between the State and the foreign corporation to support an exercise of "general" personal jurisdiction by that forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984). More contact is required with the forum state because the state has no direct interest in the cause of action. To exercise general jurisdiction, the court must determine whether the contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction. *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777 (5th Cir.1986).

Plaintiff advances three arguments in support of its argument that defendants' contacts with Texas are continuous and systematic. These involve defendants' "use of their websites," relationships with Texas jewelers, and sales to Texas residents.

### Use of websites.

Through the use of an internet archive called the "Wayback Machine," plaintiff's counsel obtained archived webpages of defendants' websites as far back as 2001 and 2002 that offer her jewelry for sale over the telephone or via email. Customers may not purchase items directly through the websites. These websites are therefore passive websites in that they merely allow the owner to post advertising information on the internet. As such, they are not sufficient to establish personal jurisdiction. *Revell v. Lidov,* 317 F.3d 467, 470 (5th Cir.2002); *Hanson Pipe & Prod-*

*ucts, Inc. v. Bridge Technologies, LLC,* 351 F.Supp.2d 603, 615 (E.D.Tex.2004). This is because while "the maintenance of a website is, in a sense, a continuous presence everywhere in the world," their contacts "with Texas are not in any way 'substantial.'" *Revell,* 317 F.3d at 471. The fact that defendants maintain a website where potential Texas customers, along with potential customers anywhere else in the world who have internet access, can contact defendants by phone or email to purchase jewelry does not subject defendants to personal jurisdiction.

Essentially, AAAA maintains a website that posts information about its products and services. While the website provides users with a printable mail-in order form, AAAA's toll-free telephone number, a mailing address and an electronic mail ("e-mail") address, orders are not taken through AAAA's website. This does not classify the website as anything more than passive advertisement which is not grounds for the exercise of personal jurisdiction.

*Mink v. AAAA Development LLC,* 190 F.3d 333, 336–37 (5th Cir.1999).

### Relationships with Texas jewelers.

A legal secretary with plaintiff's attorney's law firm visited a jewelry retailer in Austin, Texas and observed that defendants' "Mother's Love" designs were offered for sale. Defendants present evidence that since 1997 their designs are licensed to, manufactured by, and distributed by Stuller Settings, Inc., a completely unrelated entity. Stuller distributes defendants' designs to retailers and defendants have no input or control over how Stuller markets their designs or to which retailers they distribute them. Thus, it is Stuller who is present and doing business in Texas, not defendants. *See Hanson Pipe & Products, Inc.,* 351 F.Supp.2d 603,

613 ("Where, as here, a foreign [parent] corporation merely sells its products to a resident subsidiary, the contacts are not significant enough to justify general jurisdiction."). Here, of course, the contacts are even more attenuated than in *Hanson Pipe* because we do not have a parent/subsidiary situation, but one in which the designer is completely separate from the licensee that has authority to market the products.

Plaintiff also notes that its "wayback" visit to defendants' websites showed that defendants listed three approved Texas retailers in 2001 and 2002 on those sites. This does not contradict defendants' evidence that Lugosch began in 2000 to gradually get out of her wholesale business so she could concentrate on her Maine gallery. Lugosh states that she has made no wholesale sales to Texas since 2004 except for a $180 sale to a customer. Plaintiff has offered no evidence otherwise.

### Sales to Texas residents.

In an attempt to manufacture jurisdiction in Texas, plaintiff's attorney instructed his paralegal, Lori A. Hrna, to access defendant's website and purchase a pendant. Hrna accessed the website and called the phone number provided there in an attempt to make a purchase. Although the person Hrna spoke to on the phone took her order, the sale was never consummated. Even had the sale taken place, it would establish nothing more than that defendants maintain a passive website providing contact information to potential customers. It would not establish personal jurisdiction. *See Mink,* 190 F.3d at 336–37. Further, a defendant's response to the unilateral acts of a plaintiff is not a contact with the forum state sufficient to establish personal jurisdiction. *See Sunwest Silver, Inc. v. International Connection, Inc.,* 4 F.Supp.2d 1284, 1286–87 (D.N.M.1998) ("ICI's act of shipping the jewelry to New Mexico is attributable to Sunwest's initiation of the transaction by contacting ICI and ordering the jewelry, not to any affirmative conduct by the defendant which promotes the transaction of business within the forum state."). Otherwise, plaintiffs would be granted "the power to manufacture personal jurisdiction in a forum that presents hardship and inconvenience to defendants." *DeSantis v. Hafner Creations, Inc.,* 949 F.Supp. 419, 424 (E.D.Va.1996).

Plaintiff has not made a prima facie case that defendants' contacts with Texas are continuous and systematic enough to establish personal jurisdiction. Defendants' motion to dismiss plaintiffs complaint for lack of personal jurisdiction (docket no. 4) is GRANTED and the complaint is DISMISSED. The Clerk is instructed to close this case.