**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: ___**June 19, 2018**___

**NO. A-1-CA-35910**

**GABRIEL ARTURO RASCON RODRIGUEZ, RAYITO DEL CARMEN GUTIERREZ DE RASCON; JAVIER ORTIZ TARANGO, deceased; LEE HUNT, representative of the estate of JAVIER ORTIZ TARANGO; BERTA EBILA RAMIREZ; LORENZA SUSANA ORTIZ; MARITZA BERENICE ORTIZ RAMIREZ; CARMEN TARANGO CASTRO; CRISTIAN ANTONIO ROMERO GARCIA, deceased; LEE HUNT, representative of the estate of CRISTIAN ANTONIO ROMERO GARCIA; ROBERTO ROMERO and HILDA TELLEZ, next friend of C.D.R., a minor, and C.D.R., a minor; ROBERTO ROMERO, individually; LAURO CRUZ, deceased; LEE HUNT, representative of the estate of LAURO CRUZ; ORALIA NAJERA; MARIA CONCEPTION CRUZ NAJERA, individually and as next friend of L.M.A.C., a minor; CARLOS CRUZ; OLGALIDIA CRUZ; EUFEMIO CRUZ; MIGUEL CRUZ; PERLA ALEJANDRA CRUZ; MAYRA PAMELA CRUZ; MARIA ESTHER CRUZ; AGUSTINA CRUZ; JAVIER ACOSTA RAMIREZ; BERENICE ACOSTA; JOSE JAVIER ACOSTA; JAVIER ACOSTA; ADRIAN RAMOS, individually and as next friend of R.A.R.R., a minor, A.R.R., a minor, Y.A.R.R., a minor, and A.R.R., a minor;**

**YADIRA RUVALCABA DE RAMOS; LUIS CANSECO VAZQUEZ, individually and as next friend of G.C., a minor, and S.A.C., a minor; GUADALUPE LOPEZ; JULIA CANSECO; LUIS CANSECO; LUIS RAUL ORTEGA GABALDON; JESUS ALEJANDRO JIMENEZ ORTEGA; and ERNESTO VARGAS LOPEZ,**

 **Plaintiffs-Appellees,**

**v.**

**FORD MOTOR COMPANY, and COOPER TIRE AND RUBBER COMPANY,**

 **Defendants-Appellants,**

**and**

**FERNANDO GAYTAN BUSTOS,**

 **Defendant-Appellee,**

**and**

**FERNANDO GAYTAN BUSTOS,**

 **Cross-Plaintiff/Appellee,**

**v.**

**FORD MOTOR COMPANY and COOPER TIRE AND RUBBER COMPANY,**

 **Cross-Defendants/Appellants.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Jaramillo Touchet LLC
David J. Jaramillo
Albuquerque, NM

Touchet Law Firm, PC
Maria E. Touchet
Albuquerque, NM

The Edwards Law Firm
John B. Gsanger
Gary Scott Marshall
Corpus Christi, TX

for Appellees Gabriel Rascon Rodriguez, et al.

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jeffrey M. Croasdell
Todd E. Rinner
Albuquerque, NM

Hogan Lovells US LLP
Sean Marotta
Washington, D.C.

for Appellant Ford Motor Company

Brownstein Hyatt Farber Schreck, LLP
Eric R. Burris
Albuquerque, NM

Norton Rose Fulbright US LLP
Troy L. Vancil
San Antonio, TX

for Appellant Cooper Tire and Rubber Company

Law Offices of James B. Ragan
James B. Ragan
Corpus Christi, TX

for Appellee Fernando Gaytan Bustos

**OPINION**

**FRENCH, Judge.**

{1}    Plaintiffs sued Ford Motor Company and Cooper Tire and Rubber Company (collectively, Defendants) for injuries sustained when their vehicle rolled over while they were traveling through New Mexico. Defendants each filed motions to dismiss for lack of personal jurisdiction, which the district court denied. We granted Defendants' applications for interlocutory appeal and consolidated both appeals. Concluding that New Mexico has specific personal jurisdiction over Defendants, we affirm the district court.

**BACKGROUND**

{2}    In August 2012, Plaintiffs, all Mexican nationals, were passengers in a 1993 Ford E-350 Super Club Wagon that was en route to Colorado from Mexico. While traveling on U.S. Highway 54 in Guadalupe County, New Mexico, "the tread peeled off the right rear tire on the vehicle." The vehicle left the road and rolled three times. Two of the occupants, Javier Ortiz Tarango and Cristian Antonio Romero, were fatally ejected from the vehicle, while occupant Lauro Cruz was rendered quadriplegic and eventually died from his injuries. Occupants Gabriel Arturo Rascon Rodriguez, Javier Acosta Ramirez, Adrian Ramos, Luis Canseco, Luis Raul Ortega

Gabaldon, Jesus Alejandro Jimenez Ortega, and Ernesto Vargas Lopez all sustained injuries as a result of the crash.

{3} In August 2015, Plaintiffs filed a wrongful death and personal injury complaint against Defendants as well as against Fernando Gaytan Bustos who installed the tire on the van in 2012. Shortly after the complaint was filed, Defendants moved to dismiss for lack of personal jurisdiction. They argued that because the van and tire were not purchased in New Mexico, New Mexico had no personal jurisdiction over them. In particular, Ford argued that the Ford E-350 was not designed in New Mexico, was manufactured in Ohio, was sold first by an independent dealer located in Kentucky, and "was not serviced by any Ford independent dealer located in the State of New Mexico[.]" Moreover, at the time of the accident, the van was licensed in Mexico, and was being driven by a citizen of Mexico. Cooper argued that the tire was not designed in New Mexico and was manufactured in Cooper's Texarkana, Arkansas plant. In addition, the tire was purchased in Oklahoma, and installed on the van by Fernando Gaytan Bustos in Mexico.

{4} In response, Plaintiffs provided evidence of Defendants' New Mexico contacts, which we summarize in the following paragraphs. Ford has fourteen official Ford dealerships in New Mexico. Ford also engages in marketing targeted at New Mexico consumers, including Ford sponsorship of New Mexico events such as the 2013

professional bull riding championship. Ford maintains an interactive website that allows New Mexico consumers to obtain a quote for a Ford vehicle, search inventory of Ford vehicles in stock in New Mexico, apply for credit to purchase vehicles in New Mexico, configure a Ford vehicle, and obtain a purchase price. Ford has "in-forum advertising and defense and indemnity contracts with its dealerships," and Ford has been a frequent party in New Mexico litigation.

{5} Cooper has sixty-two official Cooper tire dealers in New Mexico, and Cooper personnel travel to Cooper tire dealers "to assess the in-field performance of its tires[.]" Cooper maintains a website with an interactive tire service bulletin page providing information to New Mexico consumers about services available through Cooper dealers. Cooper's advertising targets New Mexico consumers, including via sponsorship of professional bull riding events in Albuquerque, New Mexico. Cooper has appeared as a litigant in New Mexico courts.

{6} After a hearing on Defendants' motions to dismiss for lack of personal jurisdiction, the district court entered an order denying the motions but noted that the decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of the litigation." Defendants timely filed applications for interlocutory appeal, which we now consider.

**DISCUSSION**

**Standard of Review**

{7}　　"The determination whether a district court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo." *Sproul v. Rob & Charlies, Inc.*, 2013-NMCA-072, ¶ 6, 304 P.3d 18. "Plaintiffs have the burden of making a prima facie showing of personal jurisdiction." *Zavala v. El Paso Cty. Hosp. Dist.*, 2007-NMCA-149, ¶ 13, 143 N.M. 36, 172 P.3d 173. When a party contests the exercise of personal jurisdiction, the party asserting jurisdiction may not rely on its pleadings but must come forward with affidavits or other evidence supporting jurisdiction. *Gallegos v. Frezza*, 2015-NMCA-101, ¶ 9, 357 P.3d 408. Because the district court based its ruling on the parties' pleadings, attachments, and non-evidentiary hearings, this Court applies "a standard of review mirroring that of our standard governing appeals from summary judgment." *Sproul*, 2013-NMCA-072, ¶ 6. This Court will "construe the pleadings and affidavits in the light most favorable to the complainant" who needs only to "make a prima facie showing that personal jurisdiction exists." *Id.* (internal quotation marks and citation omitted). Dismissal is proper in this case only if all facts Plaintiffs allege collectively fail to make a prima facie case of jurisdiction over Defendants based on the statements in the pleadings.

4

**Analysis**

{8}       When determining personal jurisdiction over nonresident defendants, we apply a two-step analysis. *Id.* ¶ 7. First, we determine whether personal jurisdiction satisfies the "requirements of New Mexico's long-arm statute." *Id.* If it does, we then turn to whether Defendants had sufficient minimum contacts to subject them to suit in New Mexico. *See id.* The parties do not dispute that the requirements of the long-arm statute are satisfied, and we thus turn to the second step in our analysis.

{9}       *Sproul* is dispositive of the analysis here. In *Sproul*, we held that New Mexico courts could exercise jurisdiction over a Chinese corporation defendant who manufactured bicycle parts when the defendant placed allegedly defective products on the market with the intention that they be distributed and sold throughout the United States, including in New Mexico. *Id.* ¶¶ 2-3, 45. In determining whether the defendant had established sufficient contacts to allow the court to exercise specific jurisdiction in that products liability case, we looked at whether the defendant had placed products into the stream of commerce with the expectation that their products would be purchased and used in the forum state. *Id.* ¶ 20. This inquiry required some activity on the part of the defendant to directly or indirectly serve the market in the forum state. *Id.* In other words, to satisfy due process there had to be "some act purposefully directed at the forum state[,]" such that the defendant reasonably

anticipated being brought into a New Mexico court. *Id.* ¶ 25. The claims at issue did not need to be causally related to the defendant's contacts in the forum; they needed only "lie in the wake" of the defendant's activities in the forum state. *Id.* ¶ 17 (alteration, internal quotation marks, and citation omitted).

{10} Applying *Sproul* to the facts of this case, we conclude that Defendants have minimum contacts sufficient for specific jurisdiction in New Mexico. We explain. Plaintiffs have alleged that Defendants regularly sell their products in New Mexico, advertise in New Mexico, and service their products in New Mexico. Defendants produce New Mexico-targeted advertising, and place their products into the stream of commerce with the intention of selling, maintaining, and repairing them in New Mexico. Defendants have been litigants in New Mexico courts. Defendants have engaged in efforts to directly serve the New Mexico market and have sold and advertised allegedly defective products in New Mexico. These facts provide the requisite activity on the part of Defendants to satisfy due process. We are not persuaded by Defendants' assertion that specific jurisdiction cannot exist because the vehicle and tire involved in the accident were not purchased in New Mexico, particularly given that the accident occurred in New Mexico, Defendants engaged in targeted marketing and sales activities in the state of New Mexico, and they placed

6

their products into the stream of commerce with the intention that they be sold in New Mexico.

{11}   Our conclusion is consistent with other prior cases in which we have held that specific jurisdiction existed over defendants. For example, in *Cronin v. Sierra Medical Center*, 2000-NMCA-082, ¶ 22, 129 N.M. 521, 10 P.3d 845, we held that minimum contacts sufficient for specific jurisdiction over a Texas hospital existed when the hospital placed advertisements in New Mexico telephone directories, produced television commercials that could be viewed in New Mexico, and performed health care services for New Mexico customers. In *Roberts v. Piper Aircraft Corp.*, 1983-NMCA-110, ¶¶ 20-24, 100 N.M. 363, 670 P.2d 974, we held that the district court could exercise specific personal jurisdiction over an Oklahoma company that serviced a plane in Oklahoma that was shipped from Texas and that was involved in an accident in New Mexico. The defendant company in *Roberts* also advertised in trade journals that circulated in New Mexico and performed repair work for New Mexico customers even though the plane involved in the specific cause of action was not serviced in New Mexico. *Id.* ¶¶ 20-21, 24. We hold that Plaintiffs have met their burden of establishing that Defendants had sufficient minimum contacts to subject them to suit in New Mexico.

**{12}** Defendants rely heavily on *Fabara v. GoFit, LLC*, 308 F.R.D. 380 (D.N.M. 2015), in support of their argument that personal jurisdiction does not exist in this case. That decision, however, is distinguishable from the instant matter and further, is not precedential. In *Fabara*, the plaintiff sued a manufacturer of an exercise ball that exploded and injured the plaintiff. *Id.* at 385. After a lengthy discussion on the distinction between general and personal jurisdiction, the Federal District Court of New Mexico, in a memorandum opinion, ultimately concluded that defendant GoFit's contacts with New Mexico did not trigger *general* personal jurisdiction. *Id.* at 394, 406. Although the plaintiff had relied heavily on *Sproul* to justify why New Mexico had general personal jurisdiction over the defendant, the court correctly pointed out that "[t]he analysis on which [the plaintiff] relies falls under the heading of 'Specific Jurisdiction,' " and not general jurisdiction as was pertinent in that case. *Fabara*, 308 F.R.D. at 405. Just as the *Fabara* plaintiff misread *Sproul*, so too Defendants misread *Fabara* here. The question is not whether the district court has general personal jurisdiction over Defendants but whether it has specific jurisdiction and we have concluded that it does.

**{13}** Once minimum contacts are established, the burden shifts to the defendant to prove that the exercise of jurisdiction would be unfair. *Moore v. Graves*, 1982-NMCA-170, ¶ 14, 99 N.M. 129, 654 P.2d 582. Defendants presented no evidence

8

about unfairness in the district court, and did not raise it on appeal, so we do not consider it.

**CONCLUSION**

{14}    We affirm.

{15}    **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**

9